By the Court :
Kazer was indicted in Union county, for burning a store of J. & A. Admonson. Samuel Johnson was indicted for the same offense, at the same time, separately from Kazer. Johnson was tried, convicted, and sentenced to be imprisoned in the penitentiary. On motion of Kazer’s counsel, the venue was changed to Delaware county, where he was afterward tried, convicted, and sentenced to be imprisoned in the penitentiary.
On the trial, the state introduced J. Admonson as a witness, who was asked by the prosecuting attorney, if he had seen the defendant in the store three weeks before it was burned, and what he saw and heard during that time. This question was objected to by the defendant’s counsel. The objection was overruled, and the witness testified, that the defendant, about three weeks before the store was burnt, was in the store, and saw about fifty dollars in specie, in possession of the witness. The witness further stated that he had gotten from a negro named Samuel Johnson, who had been convicted and imprisoned in the penitentiary, for burning the store of J. & N. Admonson, a note for twenty dollars, payable to Samuel Johnson, purporting to be signed by the same Samuel Johnson, in the handwriting of the defendant. This testimony was objected to by the defendant’s counsel, and admitted by the court.
After the prosecutor had given some evidence to the jury, of a concert between James Terry, Samuel Johnson, a negro, and the *258 'defendant, in burning the store, the prosecutor offered in evidence an exemplification of the record of the ^conviction of Samuel Johnson for this offense, which was objected to, but received, and a bill of exceptions was signed by the court. The defendant was found guilty by the jury, sentenced by the court to ten years’ imprisonment in the penitentiary, and judgment against him for costs. To reverse this judgment this writ of error was brought.
The court see no objection to the question put by the State to Admonson, whether the defendant was in the store three weeks before it was burned, and what he .saw and heard there. The testimony given by Admonson, that Johnson, who had been convicted of this offense, had a note in his pocket, written by the defendant, is an immaterial fact, and from which neither the guilt nor innocence of the defendant could be inferred. The giving it in evidence by the state shows that the prosecutor had been unjustifiably anxious for the conviction of the defendent; that he was willing to have his guilt inferred from a circumstance that should form no part of the premises in coming to such a conclusion. A person in the penitentiary has a note in his pocket written by A.; therefore A. is guilty of aiding and assisting the prisoner in the commission of the offense of which he has been convicted. Nothing could be more illogical.
The plaintiff in error relies principally on the admission of the record of the conviction of Johnson.
In admitting this record, the court erred. The record of a conviction is evidence whenever the fact of the conviction becomes on trial material. It is the best evidence of that fact, as where the prosecutor makes the convict an important witness. Whenever he is offered to testify, the record of the conviction may be produced. In this cause, the conviction of Johnson was not material, although Johnson and the defendant had conspired to burn the store. Johnson might have been convicted, and the defendant be not guilty; or acquitted, and the defendant guilty. They might have agreed to burn the store, and the agreement be not consummated. The store, notwithstanding such conspiracy, might be burned by others.1 Johnson might have been convicted on insufficient testimony. The defendant was not confronted with the witnesses who testified against Johnson; he had no *op. pórtunity to cross-examine thorn. Can ho, then, be bound by the inferences drawn by the jury in that caso? A juror who tried *259 Johnson would have been rejected, lest he should be influenced by what he heard, and the opinion he then formed.
The rule, that the verdict and judgment, to be evidence, must be between the same parties, is the same in civil as in criminal •cases, and for the same reason, that no person shall be bound by a judgment but him who has had an opportunity to be heard in the cause concluded by the judgment. 1 Starkie, 191.
A conviction or acquittal, on an indictment for an assault and battery, is not evidence for or against the defendant, on a trial of a •civil suit for the same. 1 Starkie, 171. The parties áre not the same; the evidence may not have been the same. It must be mutual; if the conviction would be evidence against the defend.ant, an acquittal would have been evidence for him. It is manifest •an acquittal of Johnson could not have been evidence for the deiendant.
J udgment reversed.