OPINION
On August 18, 2000, Appellant Ronald Edmonds and a co-defendant, Johnny Owens, were each indicted for aiding and abetting an aggravated robbery with a firearm specification.
On November 17, 2000, and December 13, 2000, evidentiary hearings were held on the Appellant's Motions to Suppress certain identifications.
The trial court overruled such Motions to Suppress.
A jury trial in this matter commenced on January 22, 2001, with such trial concluding on January 24, 2001, and resulting in a verdict of guilty as to the charge of aggravated robbery and the firearm specification.
The Appellant did not testify at trial nor did his co-defendant.
On January 25, 2001, the trial court sentenced Appellant to a term of incarceration of five years on the charge of aggravated robbery and three years on the firearm specification to be served consecutively.
On January 30, 2001, Appellant filed the instant appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, AND DENIED APPELLANT HIS RIGHTS OF DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS BY ALLOWING IN TO [SIC] TESTIMONY THE FACT OF THE CO-DEFENDANT'S CONVICTION TO BE USED AS SUBSTANTIVE EVIDENCE OF APPELLANT'S GUILT.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, AND UNDER THE OHIO RULES OF EVIDENCE, BY RECEIVING INTO EVIDENCE TESTIMONY REGARDING A 1981 BANK ROBBERY CONVICTION OF THE DEFENDANT, WHILE AIDING AND ABETTING THE CO-DEFENDANT JOHNNY OWENS AND THE WITNESS ROBERT MARSHALL.
 III. APPELLANT WAS DEPRIVED FROM EFFECTIVE ASSISTANCE OF COUNSEL SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION.
 IV. WAS THE PROCEDURE UTILIZED BY THE MANSFIELD POLICE DEPARTMENT IN HAVING CERTAIN WITNESSES LOOK AT A PHOTO ARRAY AND IDENTIFYING THE DEFENDANT UNREASONABLY SUGGESTIVE, CONDUCIVE TO IRREPARABLE MISTAKEN IDENTIFICATION AND SUGGESTED TO THE POINT THAT IT MADE ANY IDENTIFICATION UNRELIABLE.
 I.
Appellant argues that the trial court erred in allowing testimony regarding his co-defendant's conviction. We agree.
A co-defendant's guilty plea or conviction cannot be used as substantive evidence of the defendant's guilt. Kazer v. State (1831),5 Ohio 280. However, the introduction of a co-defendant's guilty plea is permissible when its use is limited to proper evidentiary purposes, e.g., to reflect upon a witness' credibility. State v. Clark (May 4, 1994), Montgomery App. No. 13435, unreported. The determination of whether the admission of a co-defendant's guilty plea was permissible is based upon four factors: (1) whether a limiting instruction was given, (2) whether there was a proper purpose in introducing the fact of the guilty plea, (3) whether the plea was improperly emphasized or used as substantive evidence of guilt, and (4) whether the introduction of the plea was invited by defense counsel. United States v. Casto (C.A.5, 1989),889 F.2d 562, 567.
It is not argued that the introduction of the plea in this matter was invited by defense counsel.
The first factor for our consideration is whether a limiting instruction was given to the jury by the trial court. Upon review of the transcript in this matter, we find that the trial court did not instruct the jury not to consider the co-defendants' guilty pleas as substantive evidence of Appellant's guilt.
When a guilty plea of a co-defendant is brought to a jury's attention without any guiding instructions as to its use in their deliberations, the potential for misuse is manifest. State v. Stefanelli (N.J. 1979),396 A.2d 1105, 1113.
Next, we must consider whether there was a proper purpose in introducing the fact of the guilty plea. The introduction of a co-defendant's guilty plea is permissible when its use is limited to proper evidentiary purposes such as to impeach trial testimony or to reflect on a witness' credibility. United States v. King (5th Cir. 1974), 505 F.2d 602. The evidence in such situations is admissible for purposes of evaluating credibility based on the idea that such co-defendant may have received something in exchange for his testimony and cooperation, i.e. a lesser sentence, which could make such testimony subject to grave suspicion.
The State argues that the introduction of the guilty plea in this case was proper in that it was used to impeach the trial testimony. However, in the instant case, the person testifying was Belinda Owens, the wife of the co-defendant Johnny Owens. This Court is nonplused as to how evidence of her husband's conviction impeaches her testimony or impacts upon her credibility.
We find that the use and introduction of such guilty plea was not proper in this case. We further find that such was used as substantive evidence of guilt.
Based on the foregoing, we find Appellant's first assignment of error well-taken and hereby sustain same.
 II.
Appellant argues that the trial court erred by receiving into evidence testimony regarding a 1981 bank robbery conviction of the Appellant. We agree.
The admission or exclusion of evidence rests in the trial court's sound discretion. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
Both the Rules of Evidence and the Ohio Revised Code set forth certain circumstances under which evidence of prior bad acts may be admissible at trial. Specifically, Evid.R. 404(B) provides:
(B) Other crimes, wrongs or acts
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. § 2945.59 provides:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior to subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
In State v. Lowe (1994), 69 Ohio St.3d 527, the Ohio Supreme Court held that evidence of other acts is admissible if (1) there is substantial proof the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. The court further noted that Evid.R. 404(B) and R.C. §2945.59 are to be construed against admissibility, and the standard for determining admissibility of such evidence is strict.
In the case sub judice, nineteen years had passed since said bank robbery occurred. As such, this court finds that such evidence is too remote as to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
Appellant's second assignment of error is sustained.
 III.
Appellant, in his third assignment of error, asserts that he was denied his constitutional right to the effective assistance of counsel by his trial counsel's (1) failure to object to the admission of statements and testimony concerning the co-defendant's plea of guilty, (2) failure to object to jury instructions which did not contain a limiting instruction regarding the co-defendant's guilty plea and, (3) failure to object to admission of testimony by witness who testified that Appellant had threatened in the past to shoot her.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993) 506 U.S. 364;Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
With regard to Appellant's first claim, the Court would note that prior to opening statements in this matter, trial counsel moved the court to not allow any testimony with regard to said guilty plea:
 Mr. Keyser: I move that there be no testimony about Johnnie Owens pleading guilty to this offense as it is a witness statement not in furtherance of the conspiracy. That's all I have.
(T. Vol. I at 125).
Appellant's second claim is based on trial counsel's failure to object to jury instructions which did not contain a limiting instruction regarding the co-defendant's guilty plea. In the case sub judice, appellant has failed to rebut the presumption that trial counsel's actions were anything but sound trial strategy. See State v. Smith (1991),75 Ohio App.3d 73. Defense counsel may have declined to request a limiting instruction regarding appellant's prior conviction out of fear that, if such an instruction was given, the prior conviction would be once again called to the jury's attention. The same holds true with trial counsel's failure to object to admission of testimony by the witness who testified that Appellant had threatened in the past to shoot her.
In addition to finding that the performance of appellant's counsel did not fall below an objective standard of reasonable representation, we also find that, even if it had, appellant was not prejudiced by his counsel's actions. The eyewitness testimony of the victims was sufficiently strong that the Appellant did not establish that, but for counsel's errors, there was a reasonable probability that the result of the proceeding would have been different. Therefore, we conclude that neither prong of the test for ineffective assistance of counsel has been met.
Since there is no evidence that trial counsel's performance fell below an objective standard of reasonable representation and since, with respect to appellant's claims of ineffective assistance of counsel, appellant has not shown that but for such errors the results of his trial would have been different.
Appellant's third assignment of error is overruled.
 IV.
Appellant claims that the trial court erred in denying his motion to suppress the identification of certain photographs from a photo arguing that such were unduly suggestive. We disagree.
Upon review of the transcript, the court fails to find any evidence of suggestion in the identifications made by the witnesses in this matter. (T. Vol. II, P. 322-326).
Appellant's fourth assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and remanded. Costs to appellee.
BOGGINS, J., FARMER, P.J. and WISE, J. concur