{¶ 10} This appeal is before us solely on the jurisdictional question whether the court properly granted leave to file a delayed motion for a new trial under Crim.R. 33(B) because defendant Edward Bialec had been unavoidably prevented from filing that motion within the stated time period. The finding
of unavoidable delay is a jurisdictional prerequisite for a grant of leave under the rule. The facts supporting the court's finding are not.
 {¶ 11} Bialec conceded that he did not file the motion within 14 days as required by Crim.R. 33(B), but claimed that he had been unavoidably prevented from doing so by virtue of ongoing bargaining relating to his sentence. The state told the court it "has no objection for — to listening to this motion on its merit, your Honor, as it pertains to the timing of the motion."
 {¶ 12} This is a classic case of invited error. Having told the court it had no objection to the motion for a new trial being heard on its merits, the state cannot complain of error which it induced. See State v. Smith, 148 Ohio App.3d 274,2002-Ohio-3114.
 {¶ 13} None of this is to suggest that I agree in principle with the court's decision to grant a new trial. Bialec did not offer anything new to the court in his motion for a new trial. He simply relied upon evidence previously heard at trial. Indeed, it was the failed sentence negotiations that became the impetus for the motion for a new trial. The outcome of sentence negotiations did not, and could not, affect the outcome of trial because they are clearly outside the evidence which could have been admissible as a defense to the charged offenses. Nevertheless, we review a trial court's determination of a Crim.R. 33 motion under an abuse of discretion standard. State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus. With the state having conceded the issue of unavoidable prevention for purposes of a leave determination under Crim.R. 33(B), I cannot find that the court abused its discretion by granting leave based on that concession. My disagreement with a court's ruling is not a basis for finding an abuse of discretion. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 14} Likewise, I question the court's action in not only granting Bialec's motion for a new trial when it contained no "new" evidence, but then finding him guilty of a lesser included offense. Bialec did not offer any new evidence, but simply asked the court to look at the trial testimony from a different perspective.
 {¶ 15} The abrupt manner of the court's action leaves the singular impression that it reconsidered its verdict in order to give Bialec the benefit of the failed negotiations occurring after the judgment of conviction. Presumably, the court took it upon itself to sentence Bialec under the lesser offense and more closely approximate the sentence that Bialec and the state agreed to prior to plea negotiations collapsing. This is the only conclusion permitted by the record given the court's failure to cite to any law or otherwise justify the reversal of its prior judgment. Unilateral judicial plea bargaining has no place in our criminal justice system.
 {¶ 16} Unfortunately, the state did not appeal this aspect of the case. Instead, it limited its appeal solely to reviewing the jurisdictional basis for finding unavoidable prevention under Crim.R. 33(B). I reluctantly believe that decision fell within the court's broad discretion. I very strongly believe, however, that nothing contained in the lead opinion can or should be construed as condoning the court's groundless decision to reconsider its verdict in order to implement a plea bargain of its own choosing.