JUDGEMENT:
 AFFIRMED
{¶ 1} Plaintiff Natalie Grubb and defendant David Grubb were divorced in August 2000 pursuant to the terms of a separation agreement. The parties had one minor child, and David agreed to make child support payments in the amount of $8,333.33 per month. The parties expressly agreed that child support could be modified subject only to "a catastrophic change in circumstances." In April 2005, Natalie filed a motion for relief from the divorce decree, arguing that the amount of child support agreed to by the parties deviated significantly from the child support guidelines, but with no specific findings by the court to support that deviation. The court denied the motion without an evidentiary hearing. The sole assignment of error complains that the court erred by denying the motion without first conducting a hearing.
 {¶ 2} We affirm the court's refusal to grant relief from judgment without a hearing because Natalie invited error relating to the child support guidelines. The invited error doctrine states that "a party is not entitled to take advantage of an error that he himself invited or induced." State ex rel. Kline v. Carroll, 96 Ohio St.3d 404,2002-Ohio-4849, State v. Smith, 148 Ohio App.3d 274, 2002-Ohio-3114, at ¶ [30. By her own admission, Natalie was a signatory to the separation agreement. Moreover, a magistrate's decision notes that the parties had "resolved all issues herein relating to * * * child support * * *." Clearly, she knew that the court would incorporate the separation agreement, with its terms relating to spousal support, into the divorce decree. That separation agreement contained the voluntary deviation from the support guidelines that she now claims as error. There being no allegation of fraud or misrepresentation (all of which would have been barred in any event by the one-year period set forth in Civ. R. 60(B)(1)), Natalie cannot be heard to complain that the court erred by adopting and incorporating into its judgment all that which she agreed to.
 {¶ 3} There being no basis for granting relief from judgment, it follows that the court had no obligation to hold an evidentiary hearing. Natalie offered no evidence whatsoever to give the court a reason to think that relief from judgment was justified in light of her role in inviting the error.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, JUDGE*
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.