[Cite as *Manning v. Jusak*, 2013-Ohio-4194.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99459**

## ELLEN MANNING

PLAINTIFF-APPELLANT

vs.

## JAMES A. JUSAK

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-300688

**BEFORE:**   Stewart, A.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 26, 2013

**ATTORNEY FOR APPELLANT**

Joyce E. Barrett
800 Standard Building
1370 Ontario Street
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Mark R. Gusley
Mark R. Gusley & Associates Co., L.P.A.
6600 Park Avenue
Cleveland, OH    44105

Lanene M. Meslat
Lanene M. Meslat Co., L.P.A.
27070 Detroit Road, Suite 102
Westlake, OH    44145

MELODY J. STEWART, A.J.:

{¶1} Plaintiff-appellant Ellen Manning and defendant-appellee James Jusak were divorced in 2006 according to the terms of a settlement agreement that made no specific mention of Jusak's pension plan. In 2011, Manning filed a motion asking the court to issue a qualified domestic relations order ("QDRO") dividing the proceeds of that plan between the parties. Jusak opposed the motion on grounds that the parties expressly excluded mention of his pension plan in the separation agreement because the spousal support order they agreed to specifically stated that it was based in part on each party receiving an equal share of the parties' retirement benefits, including the proceeds from the pension. A magistrate denied Manning's motion, and the court approved and adopted the magistrate's decision. Manning now appeals arguing that the trial court erred by denying her motion to divide Jusak's pension plan and by denying her motion for attorney fees.

{¶2} The parties approach the issue on appeal from very different perspectives. Manning argues that under *Bisker v. Bisker*, 69 Ohio St.3d 608, 635 N.E.2d 308 (1994), the pension plan was a marital asset that had to be considered in arriving at an equitable division of marital property, regardless of whether the parties were basing the amount of spousal support on the value of the plan. Jusak argues that Manning forfeited the right to raise any issue relating to the pension plan by neglecting to file a direct appeal from the divorce decree and waiting nearly five years to raise the issue. He also notes that he had been retired and collecting pension benefits at the time of the divorce, so the parties were

well aware of the existence of the pension plan at the time they entered into the separation agreement. Finally, he claims that Manning's argument would, if accepted, allow the court to modify the terms of the separation agreement even though the parties did not give the court continuing jurisdiction to do so.

## I

{¶3} The separation agreement incorporated into the divorce decree stated that Jusak would pay Manning the sum of $786.62 for spousal support. That amount represented "one-half (½) of the parties' total income from Social Security and retirement benefits divided by two (2)." Before the parties entered into their separation agreement, they stipulated that Jusak was collecting pension benefits of approximately $1,364.58 per month and Social Security benefits of approximately $1,276 per month.

{¶4} The magistrate's decision stated:

> The magistrate specifically requested final arguments to be structured regarding whether Plaintiff's motion seeks the court to modify the property division entered into by the parties and adopted by the court. R.C. 3105.171(I) states: "[A] division or distribution of property or a distributive award made under this section is not subject to future modification by the courts." Defendant's final argument is on point. Plaintiff's final argument continues to frame the issues as: "[T]he court is faced with the parties' failure to divide, **as an asset subject to inclusion in the division of property,** defendant's interest in the G.M. Salaried Retirement Program Pension Plan." (Emphasis sic.)

## II

{¶5} In *Bisker*, the Supreme Court held that a divorce decree that failed to account for a husband's retirement benefits was incorrect as a matter of law because "a vested pension plan accumulated during marriage is a marital asset that must be considered in

arriving at an equitable division of property." *Id*. at 609, citing *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 541 N.E.2d 597 (1989); R.C. 3105.18 [now R.C. 3105.171]. The parties in *Bisker* twice divorced, the first time by separation agreement, the second time by trial. Both times they failed to mention the husband's pension benefits and in neither case did the division of marital assets take those pension benefits into account. On direct appeal from the second divorce, the Supreme Court noted that "[t]he record does not indicate that the trial court, at any juncture of the current proceedings, ever reviewed the retirement benefits of the parties * * *." *Id*.

{¶6} This case is distinguishable from *Bisker* because the record shows that the court did consider Jusak's pension benefits when reducing the terms of the parties' separation agreement to judgment. The parties agreed that Jusak's pension was to be the baseline for calculating Manning's spousal support. That being so, those pension benefits were implicitly awarded to Jusak as part of the division of marital assets because they were the means by which he could afford to pay spousal support. So this is not a case like *Bisker* where the court failed to consider whether a party's pension benefits should be divided as a marital asset.

### III

{¶7} To the extent that Manning argues that the court erred by failing to include Jusak's pension plan as part of the marital assets to be divided regardless of what the parties intended in their separation agreement, that issue is res judicata because she did not file a direct appeal challenging the divorce decree. Principles of res judicata apply

both to issues that were actually litigated and adjudicated in a divorce action and also to matters that could have been litigated and adjudicated. *Bean v. Bean*, 14 Ohio App.3d 358, 361, 471 N.E.2d 785 (12th Dist.1983). Res judicata applies to foreclose a party from relitigating the division of marital assets. *See Westhoven v. Westhoven*, 6th Dist. Ottawa No. OT-10-037, 2011-Ohio-3610, ¶ 15. Manning was obligated to raise any issue relating to the division of marital assets on direct appeal. Having failed to do so, she cannot now relitigate the issue some five years after the fact.

{¶8} Finally, apart from any issue of res judicata, we find that Manning invited the error she now claims.

{¶9} The invited error doctrine states that "a party is not entitled to take advantage of an error that he himself invited or induced." *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517; *State v. Smith*, 148 Ohio App.3d 274, 2002-Ohio-3114, 772 N.E.2d 1225, ¶ 30 (8th Dist.)

{¶10} Manning agreed that Jusak's pension plan would be part of the basis for funding her spousal support. That conclusion is undeniable given that the separation agreement specifically stated that the spousal support of $786.62 represented "one-half (½) of the parties' total income from Social Security and *retirement benefits* divided by two (2)." (Emphasis added.) The parties specifically included other retirement benefits in their division of marital assets, so Jusak's pension was the obvious source from which he could pay Manning's spousal support. Having induced the court to enter judgment in accordance with the terms of a separation agreement that funded spousal support with the

pension plan, Manning cannot be heard to complain that the court did not divide that pension as marital property.

**{¶11}** In reaching these conclusions, we reject Manning's argument that by not dividing the pension as a marital asset, the court has created a windfall for Jusak because the amount of spousal support does not increase even if Jusak's pension receives any cost of living or other adjustment. The parties agreed that "[a]ny increase or decrease in the parties' total income from any sources of ten percent (10%) or more shall constitute a change in circumstances for a modification" of spousal support. This statement clearly indicates that the parties factored into the agreement a potential increase in Jusak's pension.

**{¶12}** Our affirmance of the court's refusal to issue the qualified domestic relations order causes us to reject Manning's argument that the court erred by failing to award her attorney fees expended in prosecuting the motion. "[N]on-prevailing parties are generally precluded from recovering attorney fees and litigation expenses." *Adams v. Adams*, 3d Dist. Union No. 14-13-01, 2013-Ohio-2947, fn. 2, citing *Hubbard v. Hubbard*, 3d Dist. Hancock No. 4-08-37, 2009-Ohio-2194, ¶ 11.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR