[Cite as *Hadassah v. Schwartz*, 2012-Ohio-3910.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC., | : | APPEAL NO. C-110699<br>TRIAL NO. A-0900399 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT L. SCHWARTZ, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| SCHWARTZ & SCHWARTZ H Q LTD., | : | |
| and | : | |
| BECKY ENTERPRISES, INC., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  August 29, 2012

*Ulmer & Berne, LLP*, and *Christopher J. Mulvaney*, for Plaintiff-Appellee,

*Robert L. Schwartz*, pro se.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}   Defendant-appellant Robert L. Schwartz appeals the trial court's judgment denying his Civ.R. 60(B) motion to vacate the default judgment entered in favor of plaintiff-appellee, Hadassah, The Women's Zionist Organization of America, Inc., ("Hadassah"). Because we have determined that the trial court's entry denying the Civ.R. 60(B) motion was not a final, appealable order, we sua sponte dismiss the appeal.

### Trial Court's Jurisdiction

{¶2}   Hadassah filed a complaint against Schwartz, Schwartz's law firm, defendant Schwartz & Schwartz HQ, LTD ("the Schwartz firm"), Schwartz's company, defendant Becky Enterprises, Inc., and several other defendants who have since been dismissed from the case.  In short, the complaint alleged in the first six counts that Schwartz had fraudulently administered an estate and the connected inter vivos trusts to his own advantage instead of distributing the money as designated by the trusts to one of the named beneficiaries, Hadassah.  The first six counts were against Schwartz individually and/or in his role as a trustee or executor.  The seventh count was against all of the defendants, alleging a civil conspiracy to defraud Hadassah.

{¶3}   In addition to Hadassah's complaint filed in the trial court, several complaints were filed in the probate court asserting similar claims.  After questions of jurisdiction arose regarding which court had exclusive jurisdiction over these claims, the trial court transferred the claims in counts three, four and five that related to Schwartz's role as executor of the estate, to the probate court because the probate court had exclusive jurisdiction over those claims.  The trial court retained concurrent jurisdiction over the remaining claims in those counts dealing with the inter vivos trusts.  But the trial court ruled that "in the interest of judicial economy," it was going to stay those remaining claims in counts three, four and five, as well as all the claims asserted in counts one, two and six,

2

"until further report from the parties." The trial court retained jurisdiction over count seven, as it had exclusive jurisdiction over the conspiracy claim.

{¶4}   Eventually, the trial court lifted the stay as to counts four, five and six only. By this time, Schwartz had failed to appear for a properly noticed deposition after being specifically instructed by the trial court to do so. The trial court sanctioned Schwartz, under Civ.R. 37(B)(2)(c), for failing to appear at the deposition by entering a default judgment against him on counts four, five, six and seven. In that entry, the court found that Schwartz's "absence was willful and that default judgment in favor of [Hadassah] and against Robert L. Schwartz on Counts [four, five and six], as previously limited by the Court, and on Count [7], is appropriate." The trial court entered a monetary judgment against Schwartz, and then determined that Schwartz would not have to pay attorney fees or punitive damages.

{¶5}   Schwartz filed a Civ.R. 60(B) motion to vacate the default judgment, which the trial court denied. Schwartz now appeals that denial.

## Appellate Jurisdiction

{¶6}   Before this court can exercise jurisdiction over an appeal, an order of a lower court must be a final, appealable order and meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 547 N.E.2d 64 (1989). R.C. 2505.02(B)(1) and (3), respectively, define, in relevant part, a "final order" as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or an order that "vacates * * * a judgment." When a case involves multiple parties, Civ.R. 54(B) authorizes the trial court to "enter final judgment as to one or more but fewer than all of the * * * parties[, but] only upon an express determination that there is no just reason for delay." In other words, an entry of judgment involving fewer than all of the claims or parties is not final unless the court expressly

3

determines that there is "no just reason for delay." *Jarrett v. Dayton Osteopathic Hosp., Inc.,* 20 Ohio St.3d 77, 486 N.E.2d 99 (1985).

{¶7} Schwartz appeals from the trial court's order denying his Civ.R. 60(B) motion to vacate the default-judgment entry. But the default-judgment entry was not a final order, because the required Civ.R. 54(B) language was not included in the entry. Accordingly, we hold that the trial court's denial of the motion to vacate was not a final, appealable order.

{¶8} The denial of a properly filed Civ.R. 60(B) motion for relief from judgment is considered to be a final, appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 245, 416 N.E.2d 605 (1980). A motion to vacate under Civ.R. 60(B), however, lies only from a "final judgment, order, or proceeding[.]" *See* Civ.R. 60(B). "It logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment." *Phoenix Office & Supply Co. v. Little Forest Nursing Ctr.*, 7th Dist. No. 99 CA 15 (Feb. 24, 2000). A motion to vacate will not create a final judgment where none previously existed. *Id.* (holding that the denial of a motion to vacate an order that lacked necessary Civ.R. 54(B) language was not final.) *See also Jarrett* at syllabus.

{¶9} In *Jarrett*, the Ohio Supreme Court affirmed the dismissal of an appeal from an order vacating an order that lacked necessary Civ.R. 54(B) language, because it was not a final, appealable order, even though it purported to be a ruling on a Civ.R. 60(B) motion. *Jarrett* at 78. The court emphasized that, despite the fact that the motion was improperly captioned, the trial court's ruling actually had been an interlocutory ruling on a motion for reconsideration because Civ.R. 60(B) relief did not lie from a nonfinal order. *Id.*

{¶10} Here, the court's default-judgment entry only pronounced judgment against Schwartz, which was proper for all of the claims except the civil-conspiracy claim in count seven. The civil conspiracy claim was still pending against the Schwartz firm and Becky Enterprises. Additionally, there were several claims over which the probate court and the

trial court had concurrent jurisdiction. The trial court did not lift the stay as to counts one, two and three, and it is unclear from the record before us whether the probate court had resolved those claims. Despite the fact that there were still unresolved and pending claims against other parties and Schwartz, the trial court's default-judgment entry did not contain the certification required by Civ.R. 54(B) that there is "no just reason for delay." Because the Civ.R. 54(B) language was not included in the entry, we are constrained to conclude that the order was not final and appealable. Accordingly, Schwartz's Civ.R. 60(B) motion to vacate the default-judgment entry was a nullity because there was no final order to vacate. And the trial court's denial of Schwartz's motion was not made final and appealable by its improper designation as a ruling on a motion to vacate a prior order. In essence, all the trial court accomplished was entering an interlocutory ruling denying a reconsideration of its default-judgment entry. *See id.*

{¶11} Because there is no final, appealable order before this court, the appeal is dismissed for lack of jurisdiction.

**Appeal dismissed.**

**CUNNINGHAM** and **FISCHER, JJ.**, concur.

The court has recorded its own entry on the date of the release of this opinion.