[Cite as *Bencin v. Bencin*, 2012-Ohio-4197.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CATHLEEN BENCIN

    Appellant

    v.

THOMAS P. BENCIN

    Appellee

C.A. No.     10CA0097-M
               11CA0113-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09 DR 0085

DECISION AND JOURNAL ENTRY

Dated: September 17, 2012

---

WHITMORE, Presiding Judge.

{¶1} Appellant, Cathleen Bencin ("Wife"), appeals from judgments of the Medina County Court of Common Pleas, Domestic Relations Division. This Court dismisses.

I

{¶2} Wife filed a complaint for divorce from Thomas Bencin ("Husband") in 2009. The parties proceeded to trial in March 2010, and after two days of testimony entered into an in-court settlement agreement. The court journalized the settlement agreement and granted the divorce in August 2010. The court incorporated the transcript of the in-court settlement agreement into its final judgment entry. Wife filed a timely appeal. Subsequently, Wife filed a motion with the trial court to vacate the judgment entry pursuant to Civ.R. 60(B), and this Court remanded for the trial court to rule on the motion. The trial court denied Wife's motion, and she

filed a timely appeal. This Court granted Wife's motion to consolidate her two appeals. She now raises a total of three assignments of error for our review. For ease of analysis, we rearrange several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONCLUDING THAT THE SETTLEMENT AGREEMENT REACHED IN COURT AND READ INTO THE RECORD, CONSTITUTED A VALID AND ENFORCEABLE CONTRACT WHERE THERE WAS FRAUD AND MISREPRESENTATION, DURESS, UNDISCLOSED ASSETS, INCOMPLETE TERMS, ASSETS NOT INCLUDED IN THE AGREEMENT, AND FAILURE TO ADDRESS ALL ISSUES, ALL OF WHICH ROSE TO THE LEVEL OF BEING UNCONSCIONABLE.

{¶3} In her first assignment of error, Wife argues that the court erred when it found that the settlement agreement was an enforceable contract. Wife argues the settlement agreement is unenforceable because, among other things, the settlement agreement does not fully dispose of all assets.

{¶4} Before we may address the merits of Wife's assignments of error, we must determine whether this Court has jurisdiction to hear the appeal.

The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. * * * For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. This Court has repeatedly found, most notably in *Harkai [v. Scherba Industries, Inc.*], 136 Ohio App.3d [211,] 216 (9th Dist.2000), that in order to constitute a final appealable order the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court. A divorce decree, which leaves issues unresolved, is not a final order.

[Internal citations, quotations, and alterations omitted.] *Parravani v. Parravani*, 9th Dist. No. 25224, 2010-Ohio-3853, ¶ 4, quoting *Baker v. Baker,* 9th Dist. No. 09CA009603, 2009-Ohio-6906, ¶ 5-6. *See* Civ.R. 75(F). "In the absence of a final, appealable order, this Court must dismiss the appeal for a lack of subject matter jurisdiction." *Helmstedter v. Helmstedter*, 9th Dist. No. 24237, 2009-Ohio-3559, ¶ 9.

{¶5} Wife argues that the agreement is unenforceable because it fails to dispose of a pre-marital promissory note. According to Wife's testimony during trial, she had loaned Husband money to purchase a car prior to their marriage. Wife introduced a notarized promissory note that Husband had signed in favor of Wife for $29,500. Wife testified that no payments had been made. On cross-examination, Wife agreed that she had not attempted to collect on the loan for the past 15 years because they "were putting money into buying other things." Based on cross examination, it appears Husband disputed Wife's assertion that he still owed on the loan. However, the transcript of the settlement agreement and the journal entry are both silent as to the promissory note. Because the promissory note had been identified as being in dispute, the judgment entry, to be a final, appealable order, needed to detail its disposition. *See Baker* at ¶ 5-6. *See also* Civ.R. 75(F).

{¶6} Wife further argues the agreement is unenforceable because it fails to dispose of "property in the storage unit." Wife testified that she believed there was a scooter and an all-terrain vehicle in the storage unit. Wife had filed a motion to inventory the storage unit and counsel informed the court at trial that it had not yet ruled on her motion. The court indicated that it would grant Wife's motion. Husband's counsel then requested the court hear Husband's testimony before granting Wife's motion to inventory because the property Wife was "referring to [was] mostly not his property but the property of other people."

**{¶7}** Neither the transcript of the in-court settlement agreement, nor the final judgment entry mentions the scooter, the all-terrain vehicle, or the property in the storage unit generally. Similar to the promissory note, this property had been identified as being in dispute. Therefore, the judgment entry, to be a final, appealable order, needed to detail its disposition. *See Baker*, 2009-Ohio-6906, at ¶ 5-6. *See also* Civ.R. 75(F).

**{¶8}** Wife also argues the agreement is unenforceable because it fails to dispose of Husband's life insurance policy. At the beginning of trial, the parties stipulated to:

> [t]here [being] a Best of America account with two, different life insurance policies; one, 300,000 which is a whole life policy, one, 700,000 which is a term policy both on the husband's life, Mr. Bencin's. There is a cash value in the life insurance policy that lists 18,500, one of which 15,000 is a * * * loan to somebody.

No further testimony was heard regarding the life insurance policies or the loan against it. There is no mention of the life insurance policies in the transcript of the in-court settlement agreement, nor are the policies mentioned in the judgment entry granting the parties' divorce. The record is unclear as to whether the life insurance policies were Husband's pre-marital property or whether they were in dispute. If the judgment is indefinite, "the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." *Parravani*, 2010-Ohio-3853, at ¶ 4, quoting *Baker*, 2009-Ohio-6906, at ¶ 5-6. To be a final, appealable order, a judgment granting a divorce must resolve all issues in dispute.

**{¶9}** Accordingly, we find the judgment entry was not a final, appealable order and, therefore, we cannot reach the merits of whether the settlement agreement is enforceable with respect to the property that was included. Wife's appeal from the judgment entry of divorce is dismissed for lack of jurisdiction.

## Assignment of Error Number Three

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)[.]

**{¶10}** In her third assignment of error, Wife argues the court erred when it denied her motion to vacate the judgment entry incorporating the settlement agreement.

**{¶11}** Although a judgment granting or denying a Civ.R. 60(B) motion is, as a rule, a final appealable order, "a party may seek [Civ.R.] 60(B) relief only from a final judgment." *First Benefits Agency, Inc. v. Tri-County Bldg. Trades Welfare Fund*, 131 Ohio App.3d 29, 34 (9th Dist.1998), quoting *Busa v. Lasorella*, 8th Dist. No. 67980, 1995 WL 264449, *3 (May 4, 1995). *See also* Civ.R. 60(B). Because we have concluded that the judgment entry was not a final, appealable order, a motion to vacate judgment pursuant to Civ.R. 60(B) was not available. *First Benefits Agency, Inc.* at 34. "[T]he denial of relief from a non-final order is, itself, not a final appealable order." *Kalapodis v. Hall*, 9th Dist. No. 22386, 2005-Ohio-2567, ¶ 10, quoting *Christian v. McFarland*, 2d Dist. No. 15984, 1997 WL 337654, * 1 (June 20, 1997). The court's journal entry denying Wife's Civ.R. 60(B) motion is not a final, appealable order. Therefore, we dismiss her appeal from the denial of her Civ.R. 60(B) motion for lack of jurisdiction.

## Assignment of Error Number Two

THE TRIAL COURT ERRED BY MERGING ALL TEMPORARY ORDERS
INTO A FINAL DECREE WITHOUT HOLDING A HEARING ON
PLAINTIFF'S MOTION TO SHOW CAUSE AGAINST DEFENDANT FOR
FAILING TO ABIDE BY THE TEMPORARY SUPPORT ORDER, WHICH
MOTION WAS FILED PRIOR TO THE FINAL JUDGMENT[.]

**{¶12}** In her second assignment of error, Wife argues the court erred when it entered judgment without ruling on her motion to show cause. As discussed above, this appeal is not taken from a final, appealable order, and therefore, this Court is without jurisdiction to consider the merits of Wife's argument.

III

**{¶13}** Wife's appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOAN JACOBS THOMAS, Attorney at Law, for Appellant.

JOYCE E. BARRETT and JAMES P. REDDY. JR., Attorneys at Law, for Appellee.