[Cite as *O'Stricker v. Robinson Mem. Hosp. Found.*, 2013-Ohio-4313.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| COREY O'STRICKER, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-P-0043** |
| ROBINSON MEMORIAL HOSPITAL FOUNDATION, | : | |
| | : | |
| Defendant, | : | |
| MICHAEL L. PRYCE, M.D., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2011 CV 01405.

Judgment: Appeal dismissed.


*Robert J. Sawyer*, 815 Superior Avenue East, Suite 300, Cleveland, OH 44114-2746 (For Plaintiff-Appellant).

*Juliana S. Gall* and *Rocco D. Potenza*, Hanna, Campbell & Powell, L.L.P., 3737 Embassy Parkway, Suite 100, P.O. Box 5521, Akron, OH 44334 (For Defendants-Appellees).



TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Corey O'Stricker, appeals from the April 8, 2013 judgment entry of the Portage County Court of Common Pleas, denying his motion for relief from judgment.

{¶2} A review of the record in this case reveals that on August 27, 2012, appellant filed a motion for relief from judgment from a July 30, 2012 order. In that entry, the trial court granted appellees', Michael L. Pryce, M.D. and Stow-Kent Orthopedics, Inc., motion to dismiss appellant's complaint for failure to provide an affidavit in compliance with Civ.R. 10(D)(2). Appellant appealed that entry with this court on August 28, 2012. This court dismissed that appeal for lack of a final, appealable order on November 5, 2012. *O'Stricker v. Robinson Mem. Hosp. Found.*, 11th Dist. Portage No. 2012-P-0104, 2012-Ohio-5123, ¶7. On April 8, 2013, the trial court denied appellant's August 27, 2012 motion for relief from judgment pursuant to Civ.R. 60(B). Appellant filed the instant appeal on May 7, 2013, as a result of the denial of his motion for relief from judgment.

{¶3} On June 27, 2013, appellees filed a motion to dismiss the appeal for lack of a final, appealable order because the trial court has not disposed of all claims against the other parties in the underlying action, and there has been no Civ.R. 54(B) determination that "there is no just reason for delay."

{¶4} It is well settled that "an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 19 (1989). Normally, the grant or denial of a motion for relief from judgment is a final, appealable order pursuant to R.C. 2505.02(B)(3). *See, e.g., Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M & 11CA0113-M, 2012-Ohio-4197, ¶11.

{¶5} Here, the trial court's July 30, 2012 entry was interlocutory because there were claims still pending in the trial court. A motion for relief from judgment is permitted only for relief from a *final* judgment. Thus, although appellant labeled its August 27,

2

2012 motion as a motion for relief from judgment pursuant to Civ.R. 60(B), it was essentially a motion for reconsideration of an interlocutory order that could be modified at any time before entering final judgment because claims remained pending. *See Harris v. Lucic Gen. Contrs., Inc.*, 11th Dist. Lake No. 2011-L-112, 2012-Ohio-2004, ¶15.

{¶6}   The record clearly indicates that there are claims still pending in the trial court involving Robinson Memorial Hospital Foundation and Ohio Conference of Plasters & Cement Masons Health & Welfare Fund.   As the proceedings in the underlying action were not completed before appellant filed his August 27, 2012 motion for relief from judgment, it was simply a motion for reconsideration of a non-final order. Therefore, the April 8, 2013 appealed entry is not final under R.C. 2505.02 and Civ.R. 54(B).

{¶7}   Based upon the foregoing analysis, appellees' motion to dismiss the appeal is granted.   This court lacks jurisdiction to consider this matter.

{¶8}   Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

3