[Cite as *Klik v. Moyer*, 2014-Ohio-3236.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100576**

---

## TINA M. KLIK (F.K.A. MOYER)

PLAINTIFF-APPELLANT

vs.

## SAMUEL L. MOYER

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-89-195543

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANT**

Jonathan A. Rich
Robert M. Fertel
Christa G. Heckman
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, OH    44113


**ATTORNEY FOR APPELLEE**

Thomas A. McCormack
The Superior Building
Suite 1915
815 Superior Avenue
Cleveland, OH    44114

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant Tina Klik, f.k.a. Moyer ("Klik"), appeals the trial court's decision involving several of Klik's post-dispositive motions filed in June 2011. For the following reasons, we affirm.

{¶2} Klik and defendant-appellee Samuel Moyer were divorced on June 15, 1993, pursuant to the terms of a settlement agreement, incorporated into the final decree. As made pertinent by the current dispute, Klik was specifically awarded Moyer's interest in the "LTV Steel Pension," further identified in the settlement agreement as the "LTV Steel Pension of $3,954.13." No other pension was mentioned, although Moyer owned two other pension plans at the time of divorce. In the final divorce decree, neither party was ordered to file a qualified domestic relations order ("QDRO") effectuating the transfer of Moyer's interest in the LTV Steel Pension plan to Klik. The trial court, in the original 1993 entry, merely noted that a QDRO was issued with the final judgment entry, an inaccurate statement.[1] The settlement agreement indicated that a QDRO would "be prepared by agreement of the parties and incorporated into this final decree," which also proved to be an inaccurate statement.

{¶3} Moyer owned two pensions at the time of the parties' divorce, formally known as the "Pension Plan of Republic Steel Corporation, dated and effective as of March 1, 1950," and the "LTV Steel-USWA Pension Plan." It is undisputed that in 1993, the LTV Steel-USWA Pension was a defined contribution plan with a value of

---

[1]The current trial court judge was not the judge at the time of the 1993 divorce.

$3,954.13. Moyer contributed to the USWA plan after the 1993 divorce. Sometime in 2002, Moyer retired and began drawing benefits from his pension, by then called LTV Steel Hourly Pension Plan, which was an amalgamation of the LTV Steel-USWA and Republic Steel plans. Klik claims that in 2009, she became aware of Moyer's 2002 retirement and began taking steps to secure her right to the pension she believed was awarded to her in the divorce.

{¶4} In June 2011, Klik filed a number of motions with the trial court, including a motion to show cause for noncompliance with a judgment entry, motion for attorney fees, motion to reduce to judgment retirement benefits improperly received, motion to issue a QDRO, motion to recharacterize pension benefits pursuant to decree of divorce, motion to vacate order of the court, and motion to quash.[2] The magistrate held a single hearing, addressing each and every one of Klik's motions.

{¶5} The trial court, on September 26, 2013, largely adopted the magistrate's ultimate decision subject only to minor modifications. The trial court denied Klik's motions captioned to show cause, for attorney fees, to vacate, and to quash. Klik's remaining motions were granted in part. The trial court (1) awarded Klik an interest in Moyer's current LTV Steel Hourly Pension Plan representing the equivalent of the

---

[2]As much as we would prefer to elaborate on the contents of those motions, the record filed on appeal did not include the docketed motions. This can be added to the list of materials missing from the record, some of which this court sought from the clerk's office as necessary to reviewing the assigned errors, including the magistrate's decision and the 1993 divorce decree. We must caution the litigants, especially in the context of a case spanning two decades, that they must ensure the record contains the documents necessary to substantiate the assigned errors.

USWA plan for which Klik failed to effectuate the transfer as required in 1993; (2) granted a judgment in Klik's favor for the amount of retirement benefits Moyer collected from the portion of the pension reflecting the USWA plan with the amount to be determined; and (3) ordered the parties to once again prepare a QDRO pursuant to the terms of the final divorce decree.

{¶6} Klik immediately appealed, advancing several arguments. Klik does not identify which motions are the subject of the current appeal, although the crux of Klik's first six assignments of error centers on the trial court's denying her motion for relief from the 1993 final divorce decree.[3] In her first six assignments of error, Klik claims the trial court erred by modifying the 1993 divorce decree to award Moyer his interest in the Republic Steel pension, by determining that the parties intended to provide Klik the LTV Steel USWA plan only, by not vacating the 1993 divorce decree, and by failing to consider the equities involved in awarding Moyer his interest in the Republic Steel pension plan, including an interest in the certain stock held by the parties at the time of the divorce. In short, each of those arguments is premised on granting Klik relief from the 1993 judgment awarding her an interest only in the LTV Steel pension plan. We find no merit to Klik's arguments.

[3]In consideration of the fact that Klik's motions are post-dispositive ones, the trial court's decision denying several of her motions is the only decision ripe for our review. The parties have yet to provide the court with the QDRO implementing the trial court's 1993 award of the USWA pension, nor have they determined the amount of benefits received for the purposes of awarding Klik a monetary judgment. *Thompson v. Thompson*, 10th Dist. Franklin No. 09AP-722, 2010-Ohio-2730, ¶ 4.

**{¶7}** Completely lost in the arguments of the case was the procedural posture leading to the June 15, 1993 judgment entry. As expressly mentioned in that order, the parties settled their dispute prior to trial. The trial court approved the settlement as being "fair, just and equitable," and therefore, the court ordered the settlement into execution. In ordering the settlement into execution, the trial court awarded Moyer's interest in the LTV Steel Pension to Klik. The parties agreed in the settlement agreement that Klik would be awarded Moyer's interest in the "LTV Steel Pension of $3,954.13." According to the undisputed evidence, the only LTV Steel Pension plan with a value of $3,954.13 in existence at the time of divorce was the USWA plan.

**{¶8}** Klik now claims an entitlement to Moyer's interest in the Republic Steel pension plan because, according to her, the settlement agreement should have been considered separately from the trial court's 1993 final judgment entry. According to Klik, "everyone" considered the Republic Steel plan as if it were the LTV Steel Pension so that the final judgment incorrectly referenced the wrong pension plan, but she was nonetheless entitled to both the USWA and Republic Steel pension plans based on the separate settlement agreement and final divorce decree. A prerequisite to her argument, however, is seeking relief from the 1993 divorce decree. The 1993 judgment expressly references the LTV Steel pension, and Klik agreed to receive only Moyer's interest in the LTV Steel pension of $3,954.13. The only recognizable mechanism to award Klik a judgment in the Republic Steel pension plan would be to grant her relief from that 1993 final judgment, and ultimately her settlement agreement.

{¶9} Civ.R. 60(B) provides in pertinent part:

[T]he court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate the following: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). If any of the above requirements is not met, the Civ.R. 60(B) motion must be overruled by the trial court. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *See id.* To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} Of course, a Civ.R. 60(B) motion for relief from judgment presumes the presence of a final judgment. *Busa v. Lasorella*, 8th Dist. Cuyahoga No. 67980, 1995 Ohio App. LEXIS 1803, *9 (May 4, 1995). Klik claims the 1993 divorce decree was not

final because the trial court failed to divide the parties' interest in all of Moyer's pensions, specifically omitting any reference to the Republic Steel pension plan. A trial court, however, need not always divide a pension between the parties if the value of the pensions is considered in otherwise equitably dividing the parties' assets. *Grove v. Grove*, 7th Dist. Jefferson No. 07-JE-29, 2008-Ohio-1174, citing *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 182, 559 N.E.2d 1292 (1990).

{¶11} Further, the lynchpin in determining whether a final order exists is whether there are undivided marital assets in actual dispute after the issuance of the judgment in question. *Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M and 11CA0113-M, 2012-Ohio-4197, ¶ 4. "'[I]n order to constitute a final appealable order the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case.'" *Id.*, quoting *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216, 736 N.E.2d 101 (9th Dist.2000); *Bykova v. McBrayer*, 8th Dist. Cuyahoga No. 100172, 2013-Ohio-5745, ¶ 3.

{¶12} As this court previously recognized, a divorce decree that failed to account for a vested pension plan accumulated during the marriage is contrary to law, if the record demonstrates the trial court's omission in considering the pension before dividing the marital assets. *Manning v. Jusak*, 8th Dist. Cuyahoga No. 99459, 2013-Ohio-4194, citing *Bisker v. Bisker*, 69 Ohio St.3d 608, 635 N.E.2d 308 (1994). However, the party complaining of the distributive award may not circumvent the doctrines of res judicata or

invited error. *Id.* at ¶ 7-9; *see also Cornell v. Rudolph*, 3d Dist. Allen No. 1-10-89, 2011-Ohio-4322, ¶ 16.

{¶13} In *Manning*, the couple divorced pursuant to the terms of a settlement agreement that omitted any reference to the husband's pension plan. *Id.* at ¶ 1. Five years after the divorce, the wife unsuccessfully filed a motion to issue a QDRO dividing the pension plan between the parties. *Id.* In the ensuing appeal, this court agreed with the trial court's decision, in pertinent part, relying on the invited error doctrine — because of the fact that the parties submitted a settlement agreement purporting to resolve their dispute to the court. *Id.* at ¶ 11. "The invited error doctrine states that 'a party is not entitled to take advantage of an error that he himself invited or induced.'" *Id.* at ¶ 9, quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517; *State v. Smith*, 148 Ohio App.3d 274, 2002-Ohio-3114, 772 N.E.2d 1225, ¶ 30 (8th Dist.).

{¶14} In this case, the parties agreed to settle their dispute and provided the court a written settlement agreement incorporated into the final divorce decree. The parties' silence in the settlement agreement as to Moyer's Republic Steel pension is dispositive. Even if the trial court erred in omitting any reference to Moyer's Republic Steel pension in the final decree, Klik induced that error by submitting the settlement agreement to the trial court as the final resolution of the parties' dispute. *Manning.*

{¶15} Further, Moyer owned the Republic Steel and LTV pensions. Absent an order awarding Klik any portion of the Republic Steel pension, and a court order

implementing that award, Moyer retained possession of the pension and any rights derived therefrom.[4] Thus, the 1993 divorce decree provided sufficient information for the parties to understand the outcome of the case, namely, in the absence of awarding Klik any of Moyer's pensions, he retained possession of those interests. Therefore, the 1993 judgment awarded Klik an interest in the LTV Steel pension of $3,954.13, and through silence, Moyer retained possession of the Republic Steel pension plan. The fact that the final order was silent as to one titled asset does not create any ambiguity. *See Bencin,* 9th Dist. Medina Nos. 10CA0097-M and 11CA0113-M, 2012-Ohio-4197 (no final order because the trial court left unresolved the issue of the disputed validity of a promissory note between the parties and several pieces of untitled personal property in a storage unit). The June 15, 1993 order was final, and therefore, Klik's only recourse was to seek relief from that final judgment in her quest to receive benefits from the Republic Steel pension plan.

{¶16} The trial court denied Klik's motion for relief from judgment, filed pursuant to the catchall provision of Civ.R. 60(B)(5), as being untimely. Klik responded, claiming she was first informed of Moyer's 2002 retirement in 2009. We find no merit to Klik's

---

[4]In this respect, we summarily overrule Klik's seventh assignment of error in which she claims the trial court erred by denying her motion for contempt. Klik essentially claims Moyer had an obligation to voluntarily surrender the yet-to-be-determined amount of his monthly pension income representing the value of the USWA awarded to Klik almost a decade before Moyer retired. Klik fails to cite any authority as required by App.R. 16(A)(7) authorizing a trial court to hold a party in contempt for behavior not in conflict with a court order, although otherwise morally ambiguous.

argument, best described as a red herring. It is irrelevant when she became aware of Moyer's actual retirement.

{¶17} As of June 15, 1993, Klik was twice informed of the need to take action in order to effectuate the transfer of her newly awarded interest in Moyer's pension plan. In fact, in the settlement agreement, Klik expressly acknowledged that the LTV Steel pension of $3,954.13 would be awarded pursuant to the QDRO. Had she timely prepared the QDRO as required by the terms of the final decree and her settlement agreement, her belief of a mistake in designating the correct pension would have surfaced, however untenable that argument is in light of the fact that Klik agreed to accept the LTV Steel pension of $3,954.13 in the settlement agreement. As a rule, 18 years of conscious inaction does not constitute a reasonable time within which to file a motion for relief from a final judgment. *See Countrywide Home Loans Servicing, L.P. v. Ferguson*, 9th Dist. Summit No. 25510, 2011-Ohio-3565, ¶ 10 (ten months of inaction is an unreasonable delay in filing for relief from a judgment or order). Klik's first six assignment of errors are overruled. The trial court did not abuse its discretion in denying Klik relief from the 1993 final judgment awarding her an interest in the LTV Steel Pension of $3,954.13.

{¶18} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

—

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR