[Cite as *Hillgrove v. Hillgrove*, 2023-Ohio-198.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| MICHELLE HILLGROVE, k.n.a. KLUG, | : | APPEAL NO. C-220150 |
|  |  | TRIAL NO. DR-1901018 |
| Plaintiff-Appellant, | : |  |
|  |  |  |
| vs. | : | *O P I N I O N.* |
|  |  |  |
| JEFFREY T. HILLGROVE, | : |  |
|  |  |  |
| Defendant-Appellee. |  |  |
|  | : |  |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed from Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: January 25, 2023

*Strauss Troy Co. LPA*, *Carrie R. Wade* and *Jessica L. Beauchamp* for Plaintiff-Appellant,

*Angela S. Meyer Goebel* for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} Plaintiff-appellant Michelle Hillgrove, ostensibly known now as Klug, ("Klug'") appeals the entry issued by the Hamilton County Court of Common Pleas, Domestic Relations Division, denying her Civ.R. 60(B) motion for relief from judgment in which she requested the trial court to amend a property-division provision of her February 2021 divorce decree. Klug's two assignments of error collectively argue that the trial court erred by failing to rectify the omission of four real properties from the property division. We do not reach the merits of the challenge presented on appeal because the entry from which Klug has appealed is not a final order.

## Background Facts and Procedure

{¶2} Klug and defendant-appellee Jeffrey Hillgrove were married on May 4, 2007. During the marriage they were involved in the buying and selling of real property and renting real property.

{¶3} In June 2019, Klug filed a complaint for divorce and a property statement listing multiple real properties that she sought division of as part of the divorce. Hillgrove purchased some of the real properties before the marriage, and those were titled solely in his name; others were purchased after the marriage and titled in the name of Hillgrove or in the name Hillgrove Investments, LLC, a company owned by the parties. The case was referred to a magistrate. The parties entered into stipulations regarding some issues and the magistrate held a trial for the determination of the remaining issues. The magistrate issued a decision that included a division of property. No party objected to that decision. The trial court adopted that decision in a decree of divorce that was prepared by Klug's attorney.

**{¶4}** The magistrate's decision and the decree of divorce do not mention the categorization or division of four real properties listed on the property statement and discussed at trial as disputed assets in the case. The evidence admitted at trial showed that all four properties were titled in Hillgrove's name only. The properties located at 718 Delhi Avenue and 110 Echo Street were purchased after the marriage and those located at 6168 Gracely Drive and 6705 Jersey Avenue were purchased before the marriage. No party appealed from the divorce decree despite the omission of any reference to the four subject properties.

**{¶5}** Almost one year after the divorce decree was entered, Klug filed a motion for relief from judgment under Civ.R. 60(B)(1). She sought an amendment of the divorce decree related to the subject properties on the grounds of "mistake, inadvertence and excusable neglect." Hillgrove opposed the motion on the grounds that Klug could not satisfy the requirements of Civ.R. 60(B).[1] He did not, however, dispute Klug's claim that the decree did not reference the four subject properties. On March 14, 2022, the trial court denied Klug's motion for relief from judgment, reasoning that Klug could have appealed this issue but failed to do so and was using Civ.R. 60(B) as a substitute for an untimely appeal.

**{¶6}** Klug now appeals that March 14, 2022 entry. Initially, Hillgrove moved to dismiss the appeal as an untimely challenge to the divorce decree. We denied that motion because Klug's notice of appeal listed the entry appealed from as the entry denying Civ.R. 60(B) relief and her appeal from that entry was timely filed.

---

[1] Hillgrove did not assert any challenge based on R.C. 3105.171(I). *See Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460.

**Final-Order Requirement**

**{¶7}** Upon the submission of this cause for a determination on the merits, we are again presented with the question of our jurisdiction to review this matter. *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Our appellate jurisdiction is limited to review of trial courts' final orders. Ohio Constitution, Article IV, Section 3(B)(2); *Young v. UC Health, W. Chester Hosp., LLC*, 2016-Ohio-5526, 61 N.E.3d 34, ¶ 7 (1st Dist.).

**{¶8}** The denial of a properly filed Civ.R. 60(B) motion for relief from judgment is a final, appealable order. *See Hadassah v. Schwartz*, 1st Dist. Hamilton No. C-110699, 2012-Ohio-3910, ¶ 8, citing *Colley v. Bazell*, 64 Ohio St.2d 243, 245, 416 N.E.2d 605 (1980). A motion to vacate under Civ.R. 60(B) lies only from a "final judgment, order, or proceeding[.]" *See* Civ.R. 60(B); *Hadassah* at ¶ 8; *Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M and 11CA0113-M, 2012-Ohio-4197, ¶ 11. Consequently, the denial of a motion to vacate an entry that was not a final order is not a final, appealable order. *See Hadassah* at ¶ 9-10; *Bencin* at ¶ 11.

**{¶9}** Klug appeals from the trial court's order denying her Civ.R. 60(B) motion related to the divorce decree. Generally, in divorce proceedings, the domestic relations court "has jurisdiction over all property" "in which one or both spouses have an interest," excluding certain social security benefits. R.C. 3105.171(B). Among other things, the court "shall" determine what constitutes marital property, what constitutes separate property, and then "divide the marital and separate property equitably between the spouses." *Id.* The Supreme Court of Ohio summarized the requirements of a final order in a divorce proceeding as follows:

4

Civ.R. 75(F) prohibits a trial court from entering a final judgment in a divorce proceeding unless (1) the judgment divides the parties' property, determines the appropriateness of an order of spousal support, and allocates parental rights and responsibilities, including the payment of child support, or (2) the judgment states that there is no just reason for delay and that the court lacks jurisdiction to determine any issues that remain.

*Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 15.

{¶10} The second circumstance set forth in *Wilson* does not apply in this case, so we focus on the first circumstance. Ohio appellate courts reviewing the finality of a decree under the first circumstance have "consistently held that a divorce decree that fails to dispose of all marital and separate property does not constitute a final order." *See Jones v. Jones*, 4th Dist. Highland No. 18CA10, 2019-Ohio-2684, ¶ 9, and cases cited therein; *Hirt v. Hirt*, 6th Dist. Fulton No. F-02-032, 2003-Ohio-4094, ¶ 8; *Bencin*, 9th Dist. Medina Nos. 10CA0097-M and 11CA0113-M, 2012-Ohio-4197. The issue is whether the decree, read as a whole, is sufficiently clear for future enforcement and enables the parties to understand the outcome of the case or whether there are undivided assets of the parties in actual dispute after the issuance of the decree. *See, e.g., Moore v. Moore*, 10th Dist. Franklin No. 21AP-271, 2022-Ohio-1862 (Divorce decree in complex case was final when judgment entry was read as a whole, as it "noted that marital property is to divided equally unless the court finds that result would be inequitable, * * * it identified the assets; it then designated the assets as either marital or separate * * * or * * * as a mixture of the two, with the specific marital and separate

5

property amounts calculated * * * and it specified those marital assets that were not to be equally divided.").

{¶11} The facts of this case indicate that the parties submitted evidence regarding certain real properties that were in dispute, but the trial court failed to divide them as part of the divorce decree. The failure to reference the disputed real properties directly or even inferentially makes the decree unclear for future enforcement and precludes the parties (and a court) from understanding the outcome of the disputed properties.

{¶12} In our careful review of the finality issue, we recognize that counsel for Klug prepared the divorce decree, as ordered in the magistrate's decision, and neither party alerted the court to the omission of the four subject properties. Courts have relied on the invited-error doctrine and res judicata to dispel an attack on the finality of a divorce decree. Those cases, however, involved the court's incorporation into the decree a written settlement agreement that the parties submitted to the trial court as a final resolution of the parties' dispute. *See Klik v. Moyer*, 8th Dist. Cuyahoga No. 100576, 2014-Ohio-3236, ¶ 14; *Manning v. Jusak*, 8th Dist. Cuyahoga No. 99459, 2013-Ohio-4194, ¶ 7-9.

{¶13} In this case the parties did not agree to settle their entire dispute, and they did not provide the court with a written settlement agreement that was incorporated into the divorce decree that resolved the disputed interests in the four subject properties. Instead, the record demonstrates that the parties lacked an actual agreement with respect to the four subject properties and submitted the issue to the court for resolution. Thus, though we are unable to fault the trial court in its resolution of this complex case, we are unable to conclude that the omission of the four subject

real properties from the magistrate's decision and then the divorce decree was the invited error of Klug. And because the omission prevented the decree from becoming a final order, res judicata, which requires finality, could not apply.

## Conclusion

**{¶14}** Klug is attempting to appeal an order denying relief from a divorce decree that was not final because the domestic relations court left unresolved the disputed ownership of certain real property. Consequently, we dismiss the appeal for lack of a final order.

Appeal dismissed.

**CROUSE, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.