[Cite as *Greenlee v. Fairfax*, 2026-Ohio-1539.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES GREENLEE, | : | APPEAL NO. C-250284 |
| | | TRIAL NO. A-2500094 |
| Plaintiff-Appellant, | : | |
| and | : | |
| TONIKA GREENLEE, | : | *JUDGMENT ENTRY* |
| Plaintiff, | : | |
| vs. | : | |
| CITY OF FAIRFAX, OHIO, a municipal corporation, | : | |
| | : | |
| FAIRFAX, OHIO POLICE CHIEF, ET AT., | : | |
| WALMART / RED BANK ROAD, | : | |
| and | : | |
| P.O. McLEARAN BADGE #48 (Fairfax), | : | |
| Defendants-Appellees. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the appeal is dismissed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

## OHIO FIRST DISTRICT COURT OF APPEALS

**To the clerk:**

**Enter upon the journal of the court on 4/29/2026 per order of the court.**


**By:**_____

      **Administrative Judge**

[Cite as *Greenlee v. Fairfax*, 2026-Ohio-1539.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES GREENLEE, | : | APPEAL NO. C-250284 |
| | | TRIAL NO. A-2500094 |
| Plaintiff-Appellant, | : | |
| and | : | |
| TONIKA GREENLEE, | : | *O P I N I O N* |
| Plaintiff, | : | |
| vs. | : | |
| CITY OF FAIRFAX, OHIO, | : | |
| a municipal corporation, | | |
| | : | |
| FAIRFAX, OHIO POLICE CHIEF, ET AT., | : | |
| WALMART / RED BANK ROAD, | : | |
| and | : | |
| P.O. McLEARAN BADGE #48 (Fairfax), | : | |
| Defendants-Appellees.[1] | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: April 29, 2026

*Charles Greenlee*, pro se,

*Schroeder, Maundrell, Barbiere & Powers*, *Katherine L. Barbiere*, and *Connor J. Haller*, for Defendants-Appellees City of Fairfax; Fairfax, Ohio, Police Chief; and P.O.

---

[1] All parties' names have been reproduced as they appear in Greenlee's operative complaint.

McLearan,

*Reminger Co., LPA,* and *Michael J. Caligaris* for Defendant-Appellee Walmart, Inc.

**CROUSE, Judge.**

{¶1}    Plaintiff-appellant Charles Greenlee seeks to appeal the trial court's denial of his motion to set aside its prior dismissal entry. But because the dismissal entry Greenlee sought to set aside was not a final order, neither was the trial court's denial of his motion. We lack appellate jurisdiction to review such an interlocutory order, so we dismiss Greenlee's appeal.

## I.  BACKGROUND

{¶2}    On January 9, 2025, Greenlee, an incarcerated, pro se litigant, filed a complaint in the Hamilton County Court of Common Pleas against defendant-appellee "Walmart / Red Bank Road" ("Walmart"). Also named in the complaint were defendants-appellees the City of Fairfax, Ohio, the Fairfax Police Chief, and an individual identified as "P.O. McLearan Badge #48 (Fairfax)" (collectively, "municipal defendants"). Greenlee alleged that the defendants had deprived him of his rights under the Ohio and United States Constitutions to be free from unlawful seizures and to "'the full and equal enjoyment' of . . . public services on the basis of race."

{¶3}    On March 3, the trial court granted Walmart's motion to dismiss the claims against it under Civ.R. 12(B)(6). The March 3 dismissal entry did not address Greenlee's claims against the municipal defendants and did not include a certification that there was "no just reason for delay."

{¶4}    The next day, the clerk docketed an amended complaint filed by Greenlee. The certificate of service accompanying this amended complaint stated that it had been served on March 3. Walmart filed a motion to dismiss this amended complaint, which the trial court granted on March 18. The trial court explained that Greenlee's amended complaint raised the "same claims" against Walmart as his original, and that these claims were res judicata in light of the March 3 dismissal entry.

This new dismissal entry, like the March 3 entry, did not address the municipal defendants and did not contain a "no just reason for delay" certification.

{¶5} On March 31, Greenlee filed a motion under Civ.R. 60(B)(1), seeking relief from the trial court's March 3 dismissal entry. Greenlee argued that he had given his amended complaint to the proper prison officials on February 28, and that, under the "prison mailbox rule," the court should have deemed his amended complaint filed on that date, which preceded the March 3 dismissal entry. The trial court denied this motion on its merits on April 24.

{¶6} On May 6, the trial court granted the municipal defendants' motion to dismiss Greenlee's claims against them.

{¶7} On May 14, Greenlee filed a notice of appeal in the trial court. In it, he stated that he was appealing "from the final judgment entry from the Court of Common Pleas, entered in on [sic] April 24," which had denied his March 31 motion to set aside the March 3 dismissal entry under Civ.R. 60(B).

## II. ANALYSIS

{¶8} In his sole assignment of error, Greenlee challenges the trial court's April 24 refusal to vacate its March 3 dismissal entry and accept his amended complaint. Our analysis, however, begins and ends with our jurisdiction.[2]

{¶9} This court's appellate jurisdiction permits it to review "judgments or

---

[2] In their brief, the municipal defendants contend that they are not proper appellees. They may be right. An appellee must be an "adverse party." *See* R.C. 2505.05 ("In the notice, the party appealing shall be designated the appellant, and the adverse party, the appellee."); *see also Horner v. Bd. of Washington Twp. Trustees*, 2011-Ohio-5871, ¶ 23 (12th Dist.). A party cannot be "adverse" unless it has some stake in the appeal. The April 24 entry now on appeal denied a motion to set aside the trial court's March 3 dismissal entry. That March 3 dismissal entry only disposed of Greenlee's claims against Walmart; it left untouched his claims against the municipal defendants. Thus, it is not clear that the municipal defendants have any interest in the outcome of this appeal sufficient to warrant a designation as appellees in the notice of appeal. We need not and do not resolve this issue, however, because we conclude that we must dismiss the entire appeal for lack of a final order.

final orders" of inferior courts of record within our district. Ohio Const., art. IV, § 3(B)(2); R.C. 2501.02(C). An order denying a motion for relief from judgment under Civ.R. 60(B) generally constitutes a final order subject to appeal. *See Hadassah v. Schwartz*, 2012-Ohio-3910, ¶ 8 (1st Dist.), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980).

**{¶10}** But to file a valid Civ.R. 60(B) motion, a movant must identify a "final judgment, order or proceeding" from which they seek relief. *See Hensley v. Henry*, 61 Ohio St.2d 277, 279 (1980) (per curiam). If an order or judgment is *not* final, a Civ.R. 60(B) motion will not lie. *Hillgrove v. Hillgrove*, 2023-Ohio-198, ¶ 8 (1st Dist.).

**{¶11}** Here, the March 3 dismissal entry was not a final order from which a Civ.R. 60(B) motion would lie. The March 3 entry disposed of Greenlee's claims against Walmart but left his other claims against the municipal defendants untouched. In general, "when a case involves multiple claims, and when a trial court's order adjudicates *some*, but *not all* of those claims," that order is not final. (Emphasis in original.) *Fuller v. Quality Casing Co., Inc.*, 2025-Ohio-361, ¶ 8 (1st Dist.); *see also* Civ.R. 54(B); *Porter v. Hammond N. Condominium Assn.*, 2025-Ohio-2210, ¶ 29-30 (1st Dist.). Such an order only becomes final either (A) upon the resolution of all remaining claims, or (B) if the trial court "severs the resolved claims from the remaining, unresolved ones, and bundles the former together into a final judgment" by finding that there is "'no just reason for delay'" under Civ.R. 54(B). *Porter* at ¶ 31; *see also Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 159-160 (1977).

**{¶12}** Because the March 3 dismissal entry did not state that there was "no just reason for delay," it remained interlocutory and "subject to revision at any time before the entry of judgment adjudicating all the claims." Civ.R. 54(B); *see also Fuller* at ¶ 8; *Porter* at ¶ 29. And because it was interlocutory, Greenlee's motion to set it

7

aside under Civ.R. 60(B) was improper.

{¶13} In *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77 (1985), the Ohio Supreme Court considered the appealability of an order granting a party's motion, nominally filed under Civ.R. 60(B), to set aside such a nonfinal order. The Court explained that, because Civ.R. 60(B) does not authorize setting aside nonfinal orders, it would treat the trial court's order as, in effect, reconsidering and vacating a prior ruling still "subject to modification" under Civ.R. 54(B). *Id.* at 78. Thus, the Court held that, because the prior ruling had not been final, the subsequent order vacating it was likewise "not a final, appealable order." *Id.*

{¶14} In *Hadassah*, 2012-Ohio-3910, at ¶ 9-10 (1st Dist.), this court applied the same reasoning to hold that a trial court's order *denying* a motion to set aside a similarly interlocutory ruling was likewise unappealable—even though both movant and trial court had purportedly applied Civ.R. 60(B). "[A]ll the trial court accomplished," we explained, "was entering an interlocutory ruling denying a reconsideration of its [interlocutory] default-judgment entry." *Id.* at ¶ 10. Thus, we dismissed the appeal for lack of a final, appealable order. *Id.* at ¶ 11; *see also Hillgrove*, 2023-Ohio-198, at ¶ 14 (1st Dist.) (dismissing appeal from "an order denying relief [under Civ.R. 60(B)] from a divorce decree that was not final").

{¶15} In this case, the April 24 entry identified in the notice of appeal had denied Greenlee's motion to set aside the March 3 entry dismissing his claims against Walmart. That March 3 dismissal entry was not final on March 31, when Greenlee moved to set it aside. Nor was it final on April 24, when the trial court ruled on Greenlee's motion. It became final only when the trial court dismissed Greenlee's remaining claims against the municipal defendants on May 6. We therefore construe Greenlee's March 31 motion as a request for the trial court to reconsider or vacate a

prior, interlocutory ruling under Civ.R. 54(B), and we construe the trial court's April 24 entry as a denial of the same. Such a denial is not a final order.

### III. CONCLUSION

{¶16}   The trial court's April 24 entry, identified in the notice of appeal, was not a final order. Without a final order, we have nothing to review and so dismiss Greenlee's appeal for want of appellate jurisdiction.

Appeal dismissed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.