[Cite as *Fuller v. Quality Casing Co., Inc.*, 2025-Ohio-361.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SCOTT FULLER, | : | APPEAL NO. C-240278 |
| | | TRIAL NO. A-2204303 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| QUALITY CASING CO., INC., | : | *O P I N I O N* |
| and | : | |
| ROBERT NOVACHICH, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: February 5, 2025

*Croskery Law Offices* and *Robert F. Croskery*, for Plaintiff-Appellant,

*Cors & Bassett, LLC, Curtis L. Cornett* and *Alison M. Huenefeld*, for Defendants-Appellees.

**CROUSE, Judge.**

**{¶1}** Plaintiff-appellant Scott Fuller asks us to reverse the trial court's summary judgment rejecting his breach-of-contract claim against his former employer. Defendants-appellees Quality Casing Co., Inc. ("Quality"), and Robert Novachich ask us to affirm that summary judgment. Unfortunately, we can do neither. Below, Fuller had also requested a declaratory judgment setting forth certain rights and duties under the allegedly-breached contract. But because the trial court's unexplained summary judgment did not declare those rights and duties, the order did not resolve all pending claims and was therefore not final under R.C. 2505.02(B)(1). And because Fuller's unresolved declaratory-judgment requests were inextricably intertwined with his adjudicated breach-of-contract claim, the trial court could not make its order final by including Civ.R. 54(B)'s "no just reason for delay" language. We are therefore without a final order to review, and so must dismiss Fuller's appeal for want of jurisdiction.

## I. BACKGROUND

**{¶2}** Quality is a company in Kentucky that sells various natural and artificial sausage casings, along with packaging products for sausages. In February 2019, Quality extended an offer of employment by letter to Fuller, who had served as Quality's sales director three years earlier, but who had departed the company in 2016. In the 2019 letter, Quality offered Fuller the position of "Vice President and Director of Sales," with "the intent to purchase Quality Casing and start the retirement of" Quality's then-owner, defendant-appellee Robert Novachich. The letter further laid out how such a transition would unfold.

**{¶3}** But things didn't pan out as Fuller hoped. Just two months after Fuller returned to the company in his new role, Quality terminated his employment. The

2

reasons for this decision are hotly contested. Novachich and Quality insist that the discharge was because Fuller and his coworker had been selling film products without authorization and therefore running a side-business. Fuller maintains that Quality's provided rationale is a pretext, that he had been fully authorized to sell film, and that Quality and Novachich's real motives were discriminatory and/or retaliatory.

{¶4} In April 2021, Fuller filed a complaint against Quality and Novachich in the Hamilton County Court of Common Pleas, which he voluntarily dismissed in August 2022. Two months later, Fuller refiled the instant case. His complaint sought damages for retaliatory discharge in violation of Kentucky's disability-discrimination statute, Ky.Rev.Stat., Ch. 344, and for breach of contract. It also sought a declaration of Fuller's continued right to purchase Quality. Before summary judgment, Fuller voluntarily dismissed his statutory retaliation claim.

{¶5} Quality and Fuller moved for summary judgment on Fuller's remaining claims, which the trial court granted. The trial court's entry did not explain its reasoning, but simply stated that "[t]he Court, having thoroughly reviewed and considered all the relevant documents and respective arguments of counsel pertaining to the Motion, hereby GRANTS defendants' Motion for Summary Judgment in its entirety." It then purported to "dismiss[]" the matter "from the court's docket." The trial court's entry also included standard Civ.R. 54(B) language, certifying that the entry was "a final appealable Order and there is no just cause for delay." This appeal timely followed.

## II. APPELLATE JURISDICTION

{¶6} On July 24, 2024, this court instructed the parties "to address this Court's jurisdiction in their merit briefs, specifically whether the order appealed from is a final, appealable order." In his brief, Fuller contends that the trial court "fail[ed]

3

to rule expressly on the issue of declaratory judgment, which divests this court of jurisdiction." Quality and Novachich disagree.

### A. Final Orders, Civ.R. 54(B), and Declaratory Judgments

{¶7} This court has jurisdiction "to review, affirm, modify, set aside, or reverse judgments or final orders" of inferior courts. R.C. 2501.02(C); *see also* Ohio Const., art. IV, § 3(B)(2). Generally, an order is not deemed "final" unless it "determines the action and prevents a judgment." R.C. 2505.02(B)(1). As the Ohio Supreme Court has explained, "'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).

{¶8} But when a case involves multiple claims, and when a trial court's order adjudicates *some*, but *not all* of those claims, the order is interlocutory and remains "subject to revision at any time before the entry of judgment adjudicating *all* the claims." (Emphasis added.) Civ.R. 54(B). An order that is subject to the trial court's at-will revision does not "prevent a judgment" from being entered in an unsuccessful party's favor, because it leaves the trial court with room to change its decision until all remaining claims have been resolved, and perhaps to enter its final judgment in the initially-unsuccessful party's favor. Orders of this sort lack finality, and we have no jurisdiction to hear an appeal from such an order. *See State ex rel. Keith v. McMonagle*, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist. 2001) ("'A judgment that leaves issues unresolved and contemplates that

further action must be taken is not a final appealable order.'").

{**¶9**}    However, a trial court can rebut this presumption of mutability and finalize its otherwise-interlocutory order if it finds that there is "no just reason for delay" under Civ.R. 54(B). Thus, the Ohio Supreme Court has said that an order becomes "a final, appealable order only if it meets the requirements of *both* R.C. 2505.02 *and*, if applicable, Civ.R. 54(B)." (Emphasis added.) *Lycan v. City of Cleveland*, 2016-Ohio-422, ¶ 21, citing *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 15.

{**¶10**}    But a Civ.R. 54(B) certification only grants finality if such certification was *proper. See Clark v. Enchanted Hills Community Assn.*, 2017-Ohio-2999, ¶ 15 (4th Dist.) ("Additionally, even though the court included Civ.R. 54(B) language, cases are legion that the mere incantation of Rule 54(B) language does not turn an otherwise non-final order into a final appealable order." (Cleaned up.)); *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). The text of Civ.R. 54(B) makes clear that an order resolving only one of a party's two outstanding claims can be properly certified, regardless of whether the two claims "aris[e] out of the same or separate transactions." Civ.R. 54(B). But this does not mean that Civ.R. 54(B) permits piecemeal appeals of each and every claim. Where disposed claims are "inextricably intertwined" with outstanding claims, certification under Civ.R. 54(B) is improper. *See*, *e.g.*, *Internatl. Managed Care Strategies, Inc. v. Franciscan Health Partnership, Inc.*, 2002-Ohio-4801, ¶ 9 (1st Dist.); *Kinzel v. Ebner*, 2020-Ohio-4165, ¶ 98 (6th Dist.); *Bobst v. Chem-Tech Consultants, Inc.*, 2011-Ohio-4618, ¶ 10-11 (5th Dist.). In such circumstances, an appellate court "lack[s] jurisdiction to entertain an appeal regarding the disposed, yet dependent claims even where the trial court has invoked the language of Civ.R. 54(B)." *Miller Lakes Community Servs. Assn. v. Schmitt*, 2011-Ohio-1295, ¶ 19 (9th Dist.),

5

quoting *Glenmoore Builders, Inc. v. Smith Family Trust*, 2008-Ohio-1379, ¶ 16-17 (9th Dist.); *see also Home Loan Savs. Bank v. Jahweh, L.L.C.*, 2023-Ohio-1166, ¶ 34 (5th Dist.).

**{¶11}** To understand what it means for a declaratory-judgment request to be "inextricably intertwined" with a substantive claim, consider the facts of *Schmitt*. In *Schmitt*, an HOA made public road repairs and billed several homeowners who had elected not to be part of the HOA. *Schmitt* at ¶ 3, 5. When the homeowners didn't pay these bills, the HOA sued, asserting that the homeowners were obligated to contribute under their deeds, or, alternatively, that the homeowners were unjustly enriched by the uncompensated repairs. *Id.* at ¶ 6. Both parties sought declaratory judgments construing the homeowners' deeds and setting forth the rights and duties of the parties. *Id.* The trial court purported to grant summary judgment for the homeowners on all the HOA's claims, finding "that Miller Lakes had waived its right to and was moreover estopped from enforcing the easements." *Id.* at ¶ 16. The trial court did not expound upon the parties' rights and duties under the deeds and found that there was "no just reason for delay." *Id.* at ¶ 9, 16.

**{¶12}** The Ninth District dismissed both parties' appeals for want of a final appealable order. *Id.* at ¶ 1. It explained that resolution of the HOA's unjust-enrichment and quantum-meruit claims was "dependent upon the resolution of [the HOA's] claim for declaratory relief" as to the meaning of the deeds. If the deeds gave the homeowners a right to enjoy improvements at the HOA's expense, then any enrichment would have been just. So, to determine whether the HOA was entitled to recover for unjust enrichment, the appellate court would have been forced to declare some of the very rights and duties implicated by the unresolved declaratory-judgment requests. Thus, the court held that "the HOA's claims for unjust enrichment and

6

quantum meruit" were "inextricably intertwined with [the pending claims] for declaratory relief," and that the court thus "lack[ed] jurisdiction to address the merits of the appeals as they relate to the disposed, yet dependent claims." *Id.* at ¶ 20.

**{¶13}** The Fourth District seemed to reach a similar conclusion in *Clark*, 2017-Ohio-2999 (4th Dist.). In that case, the plaintiff sought a declaration construing deeds, articles of incorporation, and several other documents pertaining to their HOA, along with an order compelling the HOA to record its bylaws or, if no bylaws existed, to create them. *Id.* at ¶ 2-3. The trial court "purported to enter a final order in [the HOA's] favor regarding each claim," and included the Civ.R. 54(B) language for good measure. *Id.* at ¶ 7, 15. The trial court did not, however, outline the parties' rights and duties under the various documents. *Id.* at ¶ 15. The court of appeals dismissed the homeowner's appeal for want of jurisdiction, holding that the trial court's failure to construe the documents deprived its summary-judgment order of finality, notwithstanding the Civ.R. 54(B) certification. *Id.* at ¶ 15-16.

**{¶14}** Although it did not use the "inextricably intertwined" language, we think *Clark* is best read as applying the principles described in *Schmitt*. In *Schmitt* the appellate court would have been required to construe the controverted deeds and easements in order to determine whether the homeowners had been unjustly enriched. Likewise, in *Clark*, the appellate court would have needed to discern the duties imposed by the covenants in the deeds and the HOA's responsibilities under its articles of incorporation, before it could determine whether the plaintiffs were entitled to injunctive relief. In both cases, the appellate court would have been the first court to reach and consider interpretive issues subsumed by declaratory-judgment requests still pending before the trial court. Thus, in both cases, the claims were inextricably intertwined.

**{¶15}** In his brief, Fuller appears to cite *Clark* for the broader proposition that a Civ.R. 54(B) certification cannot be effective while a declaratory-judgment request remains outstanding. Such a categorical bar, however, would mean that a trial court's failure to declare two parties' duties under a contract would prevent a trial court from certifying, for example, an order resolving an unrelated counterclaim for battery. And it would bring about this unwieldy result without a textual hook to hang it on.

**{¶16}** *Clark*, like *Schmitt*, applied the "inextricably intertwined" standard familiar from Civ.R. 54(B) certifications in other contexts. As applied in *Clark* and *Schmitt*, that standard yields a single rule that makes sense: A trial court may not certify an appeal on a substantive claim under Civ.R. 54(B), where doing so would require the appellate court to resolve part of a pending declaratory-judgment request in the first instance.

**{¶17}** Put simply, *Clark* and *Schmitt* hold that a trial court abuses its discretion when it certifies an order granting or denying substantive relief under Civ.R. 54(B) without also disposing of inextricably intertwined declaratory-judgment requests. *Compare Rae-Ann Suburban, Inc. v. Wolve*, 2019-Ohio-1451, ¶ 18 (8th Dist.) ("Because the 'resolved' claim and the claims that remain are intertwined . . . the trial court abused its discretion in certifying the case for immediate appeal under Civ.R. 54(B)."). Without proper certification, an order disposing of fewer-than-all claims is not final.

**{¶18}** Quality and Novachich assert that a different rule applies in this case. They point to decisions of our sister districts holding that "where a claim is made for declaratory judgment, and where the trial court does not specifically declare the rights and responsibilities of the parties, an appellate court may nonetheless proceed to determine the merits of the case if the other rulings made by the trial court clearly and

unambiguously resolve the declaratory issue." *See Snider-Cannata Interests, LLC v. Ruper*, 2010-Ohio-5309, ¶ 15 (8th Dist.) (en banc); *accord Turner & Son Funeral Home v. City of Hillsboro*, 2015-Ohio-1138, ¶ 12 (4th Dist.) (concluding "that the trial court's decision to render summary judgment in favor of Turner on its claim for monetary relief implicitly resolves the claim for declaratory relief").

{¶19} Unlike the *Schmitt* rule, which limits a trial court's discretion under Civ.R. 54(B), the Eighth District's *Ruper* rule is an application of justiciability principles. A court may only issue a declaratory judgment when "a real controversy exists between the parties," and a trial court may therefore "dismiss a complaint for declaratory relief . . . if no real controversy or justiciable issue exists." *Reinbolt v. Natl. Fire Ins. Co.*, 2004-Ohio-4845, ¶ 13 (6th Dist.), citing *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97 (1973), and *Fioresi v. State Farm Mut. Auto Ins. Co.*, 26 Ohio App.3d 203 (1st Dist. 1985), syllabus. *Ruper* builds on this principle by holding that, where a grant of substantive relief has rendered a pending declaratory-judgment request moot, the trial court's failure to address that request does not deprive its order of finality, or the appellate court of jurisdiction.

{¶20} So, for example, a trial court's order is final where it awards damages for a breach of contract, despite neglecting to address the defendant's request for a declaration that the contract was "null and void." *Ruper* at ¶ 9. The trial court's grant of substantive relief in such a case "ma[kes] clear the rights and obligations of the parties" on the controverted issue, just as well as any declaration could have. *Id.* at ¶ 14. Without a live controversy, there is no more need for a declaratory judgment. And with the declaratory-judgment request out of the picture, the trial court's order is final—regardless of whether it included the Civ.R. 54(B) language.

{¶21} We believe the *Schmitt* and *Ruper* rules are both correct and should be

read together. They teach that where, as here, a party appeals from a trial court's order granting or denying substantive relief while outstanding declaratory-judgment requests remain unresolved below, there are three possible results:

**{¶22}** *First*, if the trial court's order granting or denying substantive relief "clearly and unambiguously resolve[s] the declaratory issue," then the declaratory-judgment request is moot. *Ruper*, 2010-Ohio-5309, at ¶ 15 (8th Dist.). With no live declaratory-judgment request remaining (and assuming that there are no other outstanding claims), the trial court's order becomes final and appealable—regardless of whether the trial court includes Civ.R. 54(B) language.

**{¶23}** *Second*, if resolution of the substantive claims did *not* clearly and unambiguously resolve the declaratory issues, and if the resolved claims are not "inextricably intertwined" with the unresolved ones, then the trial court may finalize its order addressing the substantive claims by certifying that there is no just reason for delay under Civ.R. 54(B). If such a finding is made, the trial court's partial judgment becomes final and appealable with respect to the adjudicated claims.

**{¶24}** *Third*, if the outstanding declaratory-judgment request is not moot, and if the resolved substantive claims *are* "inextricably intertwined" with the unresolved declaratory-judgment request, then Civ.R. 54(B) certification is improper, and the trial court's order cannot be final. To determine if claims are inextricably intertwined and thus prevent Civ.R. 54(B) certification, a trial court should ask whether review of the resolved substantive claim will likely require the appellate court to weigh in on an issue subsumed by the unresolved declaratory-judgment request. If so, then the trial court cannot properly certify its order under Civ.R. 54(B), and any attempted appeal must be dismissed.

### B. Application

{¶25}  Fuller has two remaining claims in this case: (1) he seeks "compensatory damages" for Quality and Novachich's alleged "breach of contract," and (2) he seeks a "a declaratory judgment stating that he is entitled to buy the company upon sale under the terms" described in that same contract. The trial court granted Quality and Novachich's motion for summary judgment on all claims "in its entirety." Nothing in the trial court's order set forth the rights of the parties under the contract.

{¶26}  The trial court thus clearly ruled on (and rejected) Fuller's substantive contract claim but took no steps to resolve his declaratory claims. To determine whether the trial court's order was final and appealable, we must determine into which of the three categories described above it falls.

{¶27}  *First*, the trial court's order granting summary judgment for Quality and Novachich did not "clearly and unambiguously resolve the declaratory issue." The only thing the trial court's order did for sure was reject Fuller's breach-of-contract claim. The trial court did not outline the parties' continuing rights and duties, nor did it provide its reasons for holding that the defendants were not liable for breach of contract. Below, the defendants argued both that there was no contract, and, alternatively, that they did not breach any contract. The trial court might have granted summary judgment in the defendants' favor on either basis. But the two different rationales would necessitate different declaratory judgments. If no contract was formed, then Fuller never had rights under the contract to begin with. But if a contract *did* exist, then Fuller may yet retain some rights under that contract, even if Quality never breached its terms. Thus, the parties' ongoing rights and duties remain a matter of debate, and Fuller's declaratory-judgment request is not moot. The *Ruper* rule does not apply.

**{¶28}** *Second*, although the trial court purported to certify its order under Civ.R. 54(B), that certification was improper. To address Fuller's substantive breach-of-contract claim on appeal, we would *not* need to fully resolve his declaratory-judgment request. However, we *would* have to resolve two issues subsumed by and necessarily part of that requested declaration: (1) whether the parties entered into an enforceable contract, and (2) whether that contract could be terminated by Quality at will. Because a decision on the substantive claim would partially resolve the declaratory claim pending below, the two are inextricably intertwined.

**{¶29}** *Third*, because the declaratory-judgment claim is not moot, a Civ.R. 54(B) certification would have been necessary to render the order below final. But because the resolved and unresolved claims are inextricably intertwined, the trial court's attempt to certify its order under Civ.R. 54(B) was improper. This case therefore falls into the third category outlined above. The trial court's order, therefore, was not final, and we have nothing on which to hang our appellate jurisdiction.

\* \* \*

**{¶30}** We acknowledge that the rules surrounding "[t]he operation of Rule 54(B) and its interplay with R.C. 2505.02(B)(1)" can be complex and opaque, and that this web of doctrines will likely "plague practitioners and courts for the foreseeable future." *See* Painter & Pollis, *Ohio Appellate Practice*, § 2:9, at 126 (2023-2024 Ed.). We therefore echo the Eighth District's "preference" that, "in declaratory-judgment actions, trial courts 'declare all of the parties' rights and obligations.'" *See Ruper*, 2010-Ohio-5309, at ¶ 13 (8th Dist.). And we reiterate that, generally, this "is the standard we look for in declaratory judgment actions." *Id*. Further, as this case attests, where declaratory-judgment requests and substantive claims arise out of the same document, the trial court would do well either to declare the parties' rights and duties

as requested, or, if appropriate, to dismiss any outstanding declaratory-judgment requests before certifying its order as final under Civ.R. 54(B). Litigants, too, would do well to ensure that such potentially intertwined declaratory-judgment claims have been resolved before filing their appeals.

{¶31} Because the trial court in this case did not enter a final appealable order, we dismiss this appeal for want of jurisdiction.

Appeal dismissed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.