[Cite as *Longnecker v. Velontra Inc.*, 2025-Ohio-5072.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

MARK H. LONGENECKER, JR.,  :  APPEAL NO. C-250082
                            TRIAL NO. A-2204230

    Plaintiff-Appellee,  :

vs.  :

VELONTRA, INC.,  :  *JUDGMENT ENTRY*

ROBERT KEANE III,  :

    and  :

JOEL DARIN,  :

    Defendants-Appellants.  :

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded, and the appeal is dismissed in part.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50% to appellants and 50% to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 11/7/2025 per order of the court.**
**By:**_____
      **Administrative Judge**

[Cite as *Longnecker v. Velontra Inc.*, 2025-Ohio-5072.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| MARK H. LONGENECKER, JR., | : | APPEAL NO. | C-250082 |
|  |  | TRIAL NO. | A-2204230 |
| Plaintiff-Appellee, | : |  |  |
| vs. | : |  |  |
|  |  | *O P I N I O N* | |
| VELONTRA, INC., | : |  |  |
| ROBERT KEANE III, | : |  |  |
| and | : |  |  |
| JOEL DARIN, | : |  |  |
| Defendants-Appellants. | : |  |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: November 7, 2025

*Eberly McMahon Copetas LLC* and *David A. Eberly,* for Plaintiff-Appellee,

*Frost Brown Todd LLP* and *Ariel M. Fox,* for Defendants-Appellants.

**NESTOR, Judge.**

**{¶1}** Defendants-appellants Velontra, Inc., Robert Keane III, and Joel Darin (collectively, "appellants") appeal the decision from the Hamilton County Court of Common Pleas granting partial summary judgment in favor of plaintiff-appellee Mark H. Longenecker, Jr. Because we find a genuine issue of material fact exists as to whether Longenecker's stock is subject to repurchase under the Stock Restriction Agreement, we reverse the trial court's judgment and remand the cause for further proceedings.

## *I. Factual and Procedural History*

**{¶2}** In January 2021, appellants Keane and Darin, along with Zachary Green, formed Velontra L.L.C. Longenecker provided legal assistance in the company's formation.

**{¶3}** Later that year, on July 31, 2021, the company adopted an Amended Operating Agreement ("Agreement"). Under that Agreement, Longenecker possessed 1,000,000 units of the company. Keane and Darin possessed 3,000,000 units each. The Agreement designated Longenecker, along with Keane and Darin, as board members.

**{¶4}** In December 2021, Green resigned from the company. Then, in April 2022, the company converted from a limited liability company to a Delaware corporation. After the conversion and Green's departure from the company, Longenecker, Keane, and Darin each entered into respective Stock Restriction Agreements. Recital A of Longenecker's Stock Restriction Agreement ("SRA") states that Longenecker "holds an aggregate of 1,000,001 shares of the Company's Common Stock[.]"

**{¶5}** Section 1 of Longenecker's SRA contains a Repurchase Option. The core

of this dispute is the interpretation of that provision. Appellants view the Repurchase Option as subjecting Longenecker's stock to a vesting schedule and allowing Velontra to buy back any unvested stock upon Longenecker's termination from the company. Longenecker asserts that the Repurchase Option does not apply to his stock because he did not receive the stock as compensation for being an employee or consultant.

{¶6} In July 2022, Longenecker was removed from the company's board of directors. Pursuant to his removal, Velontra attempted to buy back the stock by sending Longenecker a check for $25,833.32. Longenecker returned the check and filed suit in the Hamilton County Court of Common Pleas.

{¶7} Longenecker's complaint contains four counts: (I) breach of contract, (II) tortious interference, (III) breach of fiduciary duties, and (IV) declaratory judgment. After discovery, the parties filed motions for summary judgment on the same day. Appellants moved as to the entire complaint. Longenecker moved for partial summary judgment on counts I and IV—breach of contract and declaratory judgment.

{¶8} The trial judge granted partial summary judgment in favor of Longenecker on counts I and IV. The order overruled the appellants' motion. Counts II and III remain pending in the lower court.

## II. Analysis

{¶9} In their sole assignment of error, appellants allege that the trial court erred by granting summary judgment to Longenecker and denying summary judgment to appellants.

### A. Jurisdiction

{¶10} Our analysis begins with jurisdiction. Although neither party raises the issue of jurisdiction, this court is "'obliged to consider our jurisdiction' and police those

jurisdictional boundaries." *Porter v. Hammond N. Condo Assn.*, 2025-Ohio-2210, ¶ 24 (1st Dist.), quoting *Preterm-Cleveland v. Yost*, 2022-Ohio-4540, ¶ 9 (1st Dist.).

**{¶11}** The Ohio Constitution limits appellate review to the review of final orders. *Hamilton v. Barth*, 2021-Ohio-601, ¶ 11 (1st Dist.). An order is final and appealable "'only if it meets the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B).'" *Fuller v. Quality Casing Co.*, 2025-Ohio-361, ¶ 9 (1st Dist.), quoting *Lycan v. City of Cleveland*, 2016-Ohio-422, ¶ 21.

**{¶12}** When a case involves multiple claims, and the trial court adjudicates some, but not all, of those claims, Civ.R. 54(B) may apply. *Fuller* at ¶ 8. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action . . . the court may enter final judgment as to one or more but fewer than all the claims only upon an express determination that there is no just reason for delay." For a judgment to be final and appealable under Civ.R. 54(B), the judgment must expressly contain 54(B) language. *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 2007-Ohio-6439, ¶ 7.

**{¶13}** Longenecker's original complaint contained four counts: (I) breach of contract, (II) tortious interference, (III) breach of fiduciary duties, and (IV) declaratory judgment. The trial court granted partial summary judgment in favor of Longenecker on counts I and IV. Thus, because the trial court adjudicated some, but not all, of the claims, Civ.R. 54(B) applies. *Fuller* at ¶ 8.

**{¶14}** The trial court did include Civ.R. 54(B) language in its order, noting that there was "no just cause for delay." However, "[t]he inclusion of Civ.R. 54(B) language does not magically transform all non-final orders that fail to dispose of a single claim in its entirety into final ones." *Camp v. Gerwin*, 2024-Ohio-84, ¶ 15 (1st Dist.). "Certification under Civ.R. 54(B) must be *proper*." (Emphasis in original.) *Porter*, 2025-Ohio-2210, at ¶ 33 (1st Dist.).

**{¶15}** Because this court was concerned that certification was not proper, on September 16, 2025, this court ordered supplemental briefing regarding jurisdiction. Although the trial judge included Civ.R. 54(B) language, the court was concerned that the trial court's judgment on the breach-of-contract and declaratory-judgment claims were not final appealable orders.

**{¶16}** Upon review, we find that the trial court's judgment on the breach-of-contract claim was not final. This is because "a trial court cannot certify as final under Civ.R. 54(B) an order that adjudicates liability, but not damages." *Porter* at ¶ 33. Here, the trial court did not award damages on the breach-of-contract claim. Thus, its judgment on that claim is not final, and we are without jurisdiction to review it.

**{¶17}** We can, however, review the trial court's judgment on the declaratory-judgment claim. Under R.C. 2505.02, appellate courts have jurisdiction to review "an order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B)(2). The statute defines a special proceeding as "an action or proceeding that is created specially by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C.2505.02(A)(2).

**{¶18}** "[A] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 22 (1989). Thus, because the trial court's order grants summary judgment on a declaratory-judgment claim, we hold that we have jurisdiction to review that portion of the order.

**{¶19}** We, therefore, dismiss the part of the appeal and assignment of error related to the breach-of-contract claim. We will, however, review the trial court's grant of summary judgment on the declaratory-judgment claim because it is a final order.

### B. *Declaratory Judgment*

{¶20} We review a trial court's entry of summary judgment de novo. *Al Neyer, LLC v. Westfield Ins. Co.*, 2020-Ohio-5417, ¶ 13 (1st Dist.). "'We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.'" *Id.*, quoting *Sarrough v. Budzar*, 2015-Ohio-3674, ¶ 15 (8th Dist.).

{¶21} Under Civ.R. 56(C), "summary judgment is proper where the moving party establishes that '(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.'" *Al Neyer* at ¶ 14, citing *State ex rel. Duncan v. Mentor City Council*, 2005-Ohio-2163, ¶ 9.

{¶22} The trial court granted summary judgment in Longenecker's favor. In its ruling, the trial court found that the Repurchase Option did not apply to Longenecker because "[Longenecker] did not meet any of the classifications ('employee'; 'director'; or 'consultant') needed [for the Repurchase Option to apply]." But the judge's ruling is factually incorrect. The parties agree that Longenecker *was* a director.

{¶23} Longenecker seeks a declaratory judgment that he is the owner of 1,000,001 shares of Velontra's common stock, and that those shares are not subject to repurchase per the terms of the SRA. To make that determination, the court must interpret the terms of the SRA.

{¶24} "Under R.C. 2721.03 and 2721.04, a party to a written contract may bring a declaratory-judgment action to have a court determine any question of

construction arising under the contract, as well as a declaration of rights, status, or other legal relations under it." *Kahler v. Cincinnati Inc.*, 2015-Ohio-979, ¶ 15 (1st Dist.), citing *Preferred Risk Ins. Co. v. Gill*, 30 Ohio St.3d 108, 111 (1987). In interpreting the contract, a court's role is to ascertain the intent of the parties. *Id.* at ¶ 17, citing *Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.,* 86 Ohio St.3d 270, 273 (1999).

{¶25} When the terms of a contract are unambiguous, interpretation of the contract is a matter of law. *Murphy Elevator Co. v. 11320 Chester LLC*, 2018-Ohio-1362, ¶ 17 (1st Dist.), citing *Ruehl v. Air/Pro, Inc.*, 2005-Ohio-1184, ¶ 4 (1st Dist.). But when the terms of a contract are ambiguous, interpretation of the contract becomes a question of fact. *Id.,* citing *Kelly Dewatering and Constr. Co. v. R.E. Holland Excavating, Inc.*, 2003-Ohio-5670, ¶ 21 (1st Dist.). "Resolving the meaning of ambiguous terms in a contract is a matter of factual determination for the fact-finder." *Tera, L.L.C. v. Rice Drilling D, L.L.C.*, 2024-Ohio-1945, ¶ 19, citing *David v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993).

{¶26} The parties assert that the SRA is unambiguous. We disagree. We hold that the language in the SRA is ambiguous because reasonable minds could come to more than one conclusion as to whether Longenecker's stock was subject to repurchase. *See Kelly Dewatering* at ¶ 21 ("A contract is ambiguous if its terms cannot be clearly determined from a reading of the entire contract or if its terms are susceptible to more than one reasonable interpretation.").

{¶27} The relevant language of the SRA reads,

> In the event Holder's Continuous Service . . . is terminated . . . by
> the Company for any reason . . . such that after such termination Holder
> is no longer providing services to the Company . . . as an employee or

consultant (and regardless of whether or not Holder is then serving as a director of the Company) . . . then the Company will have the irrevocable option . . . to repurchase . . . up to but not exceeding the number of shares of Stock that have not vested[.]

**{¶28}** We find this provision to be susceptible to more than one reasonable interpretation. On one hand, it follows that by entering into a Stock Restriction Agreement, Longenecker subjected his stock to restriction. But on the other, the language of the Repurchase Option does not seem to address the circumstances here: where a director, who has never provided services to the company as an employee or consultant, is removed from his position as director.

**{¶29}** Thus, as the language of the Repurchase Option is not clear as to how it applies to former directors, like Longenecker, who was never classified as an employee, the SRA is susceptible to more than one reasonable interpretation. Accordingly, we hold that the SRA is ambiguous.

**{¶30}** Because the SRA is ambiguous, we hold that the trial court erred in granting summary judgment in Longenecker's favor on the declaratory-judgment claim. Where a contract is ambiguous, courts look to extrinsic evidence of the parties' intent to give meaning to the provision. *Ruehl,* 2005-Ohio-1184, at ¶5 (1st Dist.), citing *State ex rel. Petro v. R.J. Reynolds Tobacco Co.,* 2004-Ohio-7102, ¶ 23. But a genuine issue of material fact exists as to whether the parties intended the Repurchase Option to apply to Longenecker's stock. Therefore, we reverse the grant of summary judgment on Longenecker's declaratory-judgment claim and remand this cause for further proceedings.

### III. Conclusion

**{¶31}** Because we lacked jurisdiction to consider the portion of the appeal

9

pertaining to the breach-of-contract claim, we dismiss the appeal in part. We sustain appellants' assignment of error as to the declaratory-judgment claim, and remand this cause for further proceedings consistent with this opinion and the law.

Judgment accordingly.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.